UNITED STATES, Appellee

v

JOE H. HILL, Corporal, U. S. Army, Appellant

6 USCMA 599, 20 CMR 315

No. 6586

Decided January 27, 1956

*Lieutenant Colonel James M. Scott* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Harley A. Lanning* and *Captain Jack G. Van Deventer.*

*First Lieutenant Peter J. Hughes* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial sitting at Fort Campbell, Kentucky, convicted the accused of robbery in violation of Article 122, Uniform Code of Military Justice, 50 USC § 716. The offense was allegedly committed in conjunction with Private First Class J. W. Turner and Private H. Valenzuela, but the accused was tried separately. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for eight years.

The record of trial was forwarded to the convening authority's staff judge advocate for review and advice, pursuant to the provisions of Article 61, Uniform Code of Military Justice, 50 USC § 648, and paragraph 85, Manual for Courts-Martial, United States, 1951. Upon receipt, it was turned over for initial action to Major R. L. Jones, Assistant Staff Judge Advocate. He prepared an extensive written review of the case and a summary of the accused's military and civilian background. He concluded the review by recommending that the findings of guilty be approved. However, because of the accused's youth and combat service in Korea, he further recommended that the period of confinement be cut in half and that the discharge be suspended to afford the accused an opportunity to prove that he was worthy of restoration to duty.

Major Jones' recommendations were concurred in by the Staff Judge Advocate. The case was then submitted to the reviewing authority for consideration. He approved the recommendations of his staff officers and embodied them in his action on the case. His action

was affirmed, without opinion, by an Army board of review.

The accused now contends that he was deprived of a fair and impartial review because Major Jones had previously acted as the law officer at the trial of Private Valenzuela (CM 379435). This contention is based upon Article 6(c), Uniform Code of Military Justice, 50 USC § 556, which, in pertinent part, reads as follows:

". . . No person who has acted as . . . law officer . . . in any case shall subsequently act as a staff judge advocate . . . to any reviewing authority upon the same case."

Although the accused and Private Valenzuela were tried at different times they were, in fact, co-accused tried for the same offense. Consequently, their trials constitute the "same case" within the meaning of Article 6(c). United States v Hightower, 5 USCMA 385, 18 CMR 9. Having acted as law officer at Valenzuela's trial, it was error for Major Jones to review the accused's record of trial. It can reasonably be argued, however, that considering the content of the review and the recommendation for a substantial reduction in the sentence, the accused was not prejudiced by Major Jones' dual role. Even more important is the fact that the Major's position in the Valenzuela proceeding was that of an impartial judge; hence, his later action in the "same case" would not represent, in any way, an "accolade for his efforts in securing a conviction," which provided the basis for our condemnation of the duality of interests in United States v Coulter, 3

USCMA 657, 14 CMR 75. Nor was Major Jones called upon to review his own trial rulings as in United States v Crunk, 4 USCMA 290, 15 CMR 290. His role in both proceedings was impartial. Accordingly, Major Jones' position in the first proceeding was not necessarily antagonistic to his position in the second. Cf. United States v McClenny, 5 USCMA 507, 18 CMR 131; United States v Taylor, 5 USCMA 523, 18 CMR 147. However, in the interests of justice, the appearance of evil should be avoided as well as the evil itself. United States v McCluskey, 6 USCMA 545, 550, 20 CMR 261. United States v Walters, 4 USCMA 617, 630, 16 CMR 191.

The decision of the board of review is reversed. The case is returned to the convening authority for review by a qualified staff judge advocate who had no previous connection with the case. United States v Hightower, supra, page 389.

LATIMER, Judge (concurring in the result):

I concur in the result.

I dissented in United States v Hightower, 5 USCMA 385, 18 CMR 9, because I felt the action taken was cluttering up appellate channels with no reasonable probability of benefiting an accused. I feel the same way in this instance, but that opinion fixed the law in this area. For that reason, I concur in returning this case for another staff judge advocate review.