UNITED STATES, Appellee

v

HERBERT L. CASH, Airman Second Class,
U. S. Air Force, Appellant

12 USCMA 708, 31 CMR 294

No. 15,524

March 23, 1962

*Captain Hugh J. Dolan* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph E. Krysakowski.*

*Captain Richard T. Yery* argued the cause for Appellee, United States. With him on the brief was *Colonel Merlin W. Baker.*

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial convened at the United States Air Force Base, Zaragoza, Spain, convicted the accused of two specifications of conspiracy to present a false claim against the United States and two specifications of accepting graft, in violation of Articles 81 and 134, respectively, Uniform Code of Military Justice, 10 USC §§ 881, 934. It imposed a sentence which includes a bad-conduct discharge and confinement at hard labor for twelve months. The conviction was affirmed by intermediate appellate authorities and the accused appealed to this Court on six assignments of error.

Two of the assignments of error deal with the sufficiency of the evidence to support the charges. Since, as we shall point out later in this opinion, a new post-trial review is required, and new findings of fact may be made therein, we consider it appropriate to express

no opinion on the merits of these issues at this time. See United States v DeCarlo, 1 USCMA 91, 94, 1 CMR 90. The contention that prejudicial error was committed by the law officer when he used the phrase "prima facie proof" in his instructions is fully answered by our decision in United States v Russo, 11 USCMA 352, 355, 29 CMR 168. Discussion of the other assignments of error is also obviated by the grant of a new post-trial review.

Besides alleging material deficiencies in the content of the post-trial review, the accused contends that Lieutenant Colonel Ward who prepared the review was disqualified because of previous participation in the case. See United States v Hill, 6 USCMA 599, 20 CMR 315.

The accused was a finance pay clerk at the Zaragoza Air Base. Airman W. C. Geiger told the accused he needed money and asked if he could help in obtaining some for him from the Government. The accused said "it could be arranged." By means of an alleged false entry made by the accused in Geiger's pay account, which purported to show pay due Geiger from the previous accounting period, Geiger received $100.00. For his services in the matter the accused was given $20.00. About a week later, Geiger was again paid $100.00. This payment was made on the authority of a Pay Authorization Slip (AF Form 265) prepared by the accused which purported to show the amount was due for "Short Pay." When the transactions came to light Geiger refused to talk. Considering the available evidence "insufficient" to support charges against the accused, the base staff judge advocate recommended to the staff judge advocate of the command exercising general court-martial jurisdiction that Geiger be given immunity to encourage him to testify. The recommendation was initially received by Lieutenant Colonel Ward, the deputy staff judge advocate. He discussed the matter with the staff judge advocate, pointing out to him the "nature" of the case against the accused, and that the suspected offenses "were serious." As a result of the discussion, Colonel Ward conferred with

Geiger to ascertain whether he would be willing to testify in return for immunity. Colonel Ward first talked with Geiger by telephone, and then had a personal interview with him in his office. The substance of the conversations concerned the effect of a grant of immunity. The decision as to the advisability of accepting the grant was left entirely to Geiger. He accepted. A formal grant of immunity was prepared by Colonel Ward, and submitted by the staff judge advocate to the Commanding General who signed it. Colonel Ward then transmitted it through regular channels to Geiger. After the accused was tried and convicted, Colonel Ward prepared the post-trial review recommending approval of the findings of guilty and the sentence.

A legal officer may be disqualified from participating in the post-trial review because of prior conduct in the case which is incompatible with the standards of impartiality required by law. United States v Albright, 9 USCMA 628, 26 CMR 408; United States v Hill, supra. In United States v White, 10 USCMA 63, 27 CMR 137, we held that a convening authority who grants immunity to a witness is thereafter disqualified from acting on the case because he is required to pass on the credibility and weight of the testimony of the witness to whom he gave immunity. For the same reason, a staff judge advocate who procures a grant of immunity for a witness is disqualified from participating in the post-trial review. See United States v Gilliland, 10 USCMA 343, 27 CMR 417. It appears from the record of the proceedings below that Colonel Ward was directly involved in the decision to grant Geiger immunity as a means of perfecting the case against the accused. His discussion with the staff judge advocate on the insufficiency of the other evidence and his comment on the seriousness of the suspected offenses indicate that his views played some part in the decision to recommend approval of the grant of immunity. In our opinion, this participation sufficiently identified him with the immunity transaction to give

at least the appearance of a special interest in sustaining the grant.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Air Force for reference to a competent authority for further proceedings under Articles 61 and 64 of the Uniform Code of Military Justice, 10 USC §§ 861, 864. On these proceedings, the accused may present such matters as he deems appropriate to correct the purported omissions in the earlier review. See Article 38(c), Uniform Code of Military Justice, 10 USC § 838.

Judges FERGUSON and KILDAY concur.