UNITED STATES, Appellee

v

WILLIAM A. MARSH, Sergeant, U. S. Air Force, Appellant

20 USCMA 42, 42 CMR 234

No. 22,750

August 21, 1970

*Major Frank T. Moniz* argued the cause for Appellant, Accused. With him on the brief was *Colonel Bertram Jacobson.*

*Major Robert L. Bates* argued the cause for Appellee, United States. With him on the brief was *Colonel James M. Bumgarner.*

QUINN, Chief Judge:

This appeal challenges the validity of the post-trial review. The accused contends he was prejudiced as to the sentence because that part of the review was predicated upon a "Post-Trial Clemency Report" prepared by an assistant staff judge advocate, Captain Stephen A. Warren, who had previously acted as the Article 32 investigating officer in the case.

On its face, Captain Warren's report is eminently favorable to the accused. In a section of the report captioned "Impressions and Recommendations," he evaluated the accused in strictly personal terms. Pertinent parts of the evaluation are as follows:

"I feel his reaction to being found asleep on post was a result of a certain amount of resentment over either true or imagined racial pressure. He overreacted in an immature and emotional manner which he now realizes was wrong.

"He seems to be extremely intelligent and to have the ability to be an asset to the Air Force and to his community when he finishes his tour. I feel there is no reason why he would not be able to gain a basic college degree or more if given the chance, since he seems to have both the ability and the desire.

"He realizes his error, wants to be able to rectify it and to fulfill his Air Force commitment. Considering the offenses of which he was found guilty, I along with the accused feel his sentence was fair, however also considering the attitude, character and past record of the accused, I recommend that the 3320th Retraining Group, Lowry AFB, Colorado, be designated as the place of confinement."

We need not review the many cases in this Court which have emphasized the accused's right to an impartial review of the sentence, as well as the findings of guilty, determined by the court-martial. See United States v Nees, 18 USCMA 29, 33, 39 CMR 29 (1968); United States v Coulter, 3 USCMA 657, 14 CMR 75 (1954). Article 6(c), Uniform Code of Military Justice, 10 USC § 806, gives statutory force to the principle of impartiality by prohibiting an "investigating officer," along with other persons, from "later act[ing] as a staff judge advocate . . . to any reviewing authority upon the same case." See United States v Bound, 1 USCMA 224, 2 CMR 130 (1952). True, Captain Warren did not occupy the office of staff judge advocate and he participated only in preparation of the sentence part of the review, but that participation was sufficient to bring him within the scope of the statute. United States v Crunk, 4 USCMA 290, 293, 15 CMR 290 (1954); United States v Hightower, 5 USCMA 385, 389, 18 CMR 9 (1955). His participation in the review was, therefore, error. As we said in the *Hightower* case:

". . . [W]e do not imply that Captain Hudson intentionally deprived the accused of an unbiased review. On the contrary, we are sure that he was honest and sincere in his belief that he could act dispassionately. Moreover, Congress intended to remove all possibility of bias; it did not contemplate ferreting for motives and delicate balancing of previous influences against objective fairness. Cf. United States v Dean, 5 USCMA 44, 17 CMR 44. We must insist on adherence to the Congressional policy directed against conduct tending to impair the impartiality of the post-trial review."

This case, however, requires no balancing of "previous influences against objective fairness." The offenses of which the accused was convicted authorized a dishonorable discharge and confinement at hard labor for thirty years, but the military judge who tried the case considered the several charges as "multiplicious for sentence purposes" and imposed a sentence providing for a bad-conduct discharge, confinement at hard labor for fifteen

**43**

months, and accessory penalties. In the clemency interview, the accused commented on this sentence. He remarked that the military judge was "fair and just," and he expressed his belief that the sentence was "deserved" and "just." In addition, Captain Warren's report referred to his previous participation in the case, and indicated his conviction that he could "impartially" conduct the sentence inquiry. A copy of the report was given to the accused. He was accorded the opportunity to "submit matters in rebuttal," but he elected to submit nothing. It may fairly be inferred, therefore, that he evaluated Captain Warren's sentence recommendations in the light of his prior conduct as the Article 32 investigating officer, and concluded that the Captain's clemency report and recommendations were at least as favorable as those he might have obtained from a person who had no previous connection with the case. In fact, the accused's own counsel probably could not have made more favorable remarks about the accused than those of Captain Warren, which were quoted earlier.

The record of the proceedings leaves us with an abiding conviction that even the appearance of evil is not present in this case. We conclude, therefore, that error resulting from Captain Warren's dual role in the case was neither prejudicial to the accused nor unfaithful to the principle of impartiality in the conduct of the post-trial review. Still, it is worth repeating a recommendation we made in similar circumstances in United States v Nees, supra, at page 33. We there said: "[T]o avoid a similar controversy in the future, any subsequent interviews [of the kind in issue should] be conducted by someone not previously involved in the case."

The decision of the United States Air Force Court of Military Review is affirmed.

Judge DARDEN concurs.

FERGUSON, Judge (dissenting):

I dissent.

As my brothers acknowledge, since Captain Warren had previously acted as the Article 32 investigating officer in this case, he was, thereby, *disqualified by operation of law* from preparing the post-trial clemency report. Article 6 (c), Uniform Code of Military Justice, 10 USC § 806; paragraph 85*a*, Manual for Courts-Martial, United States, 1969 (Revised edition); United States v Coulter, 3 USCMA 657, 14 CMR 75 (1954); United States v Crunk, 4 USCMA 290, 15 CMR 290 (1954); United States v Clisson, 5 USCMA 277, 17 CMR 277 (1954); United States v Hightower, 5 USCMA 385, 18 CMR 9 (1955); United States v Hill, 6 USCMA 599, 20 CMR 315 (1956); United States v Albright, 9 USCMA 628, 26 CMR 408 (1958); United States v Cash, 12 USCMA 708, 31 CMR 294 (1962). See also United States v Nees, 18 USCMA 29, 39 CMR 29 (1968). The fact that the report may have been eminently favorable to the accused is immaterial, for, as the Chief Judge, writing for the Court in *Hightower*, said, at page 389:

". . . *Congress intended to remove all possibility of bias; it did not contemplate ferreting for motives and delicate balancing of previous influences against objective fairness.* Cf. United States v Dean, 5 USCMA 44, 17 CMR 44 [1954]. *We must insist on adherence to the Congressional policy directed against conduct tending to impair the impartiality of the post-trial review.*" [Emphasis supplied.]

Despite the clear meaning of these words, my brothers have, in this case, done precisely what was said in *Hightower* to be contrary to the intent of the Congress when it enacted Article 6(c) of the Code. By analyzing the contents of Captain Warren's report and deciding that the accused was not prejudiced thereby, they have ferreted for motives and delicately balanced the previous influence against objective fairness. Our insistence in *Hightower* on adherence to the law has been, in my opinion, too lightly set aside.

The question is not whether the report reflects that Captain Warren was impartial in his review, for in *High-*

*tower*, where we reversed because the post-trial reviewer (Captain Hudson) was disqualified under Article 6(c), we said of the Captain, "we are sure that he was honest and sincere in his belief that he could act dispassionately." (5 USCMA, at page 389.) The only issue is whether we, as an appellate Court, will enforce the clear meaning of the statute and the intent of Congress. The statute has been violated in this case and this Court has been asked to find a reason (lack of prejudice) not to reverse.

The obvious purpose of the lawmakers was to assure the accused a thoroughly fair and impartial review. Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, 1st Session, pages 898, 901. As this Court said in United States v Gordon, 1 USCMA 255, 262, 2 CMR 161 (1952):

"Again, the right to an impartial review is an important right which must be recognized in the military judicial system and an accused is entitled to have the record reviewed and the limits of his sentence fixed by one who is free from any connection with the controversy."

No one can go into the mind of the reviewer. Human behavior is such that when a person, interested in the outcome of the proceedings by virtue of his prior participation therein, is called upon to take part in the post-trial proceedings, his view is necessarily different from that of a person who had no previous interest in the matter. Congress understood this and sought, by the enactment of Article 6(c), to prevent the situation presently before us. As appellate judges, we do a disservice to the system of military justice by ever countenancing violations of the law by those charged with upholding the law. The right to an impartial review is an important right, which must be jealously guarded lest abuses creep in.

As I have previously stated, the question of lack of prejudice is, in my opinion, immaterial. The law is clear. Unless and until we insist on strict adherence to the law, military justice will not be accorded the respect and confidence it rightly deserves.

I would reverse the decision of the United States Air Force Court of Military Review and direct that a new post-trial review and action by a different convening authority may be ordered.