UNITED STATES

v.

George A. THOMPSON, 151 46 8954, Lance Corporal (E–3), U. S. Marine Corps.

NCM 77 0760.

U. S. Navy Court of Military Review.

8 Aug. 1977.

LT Lawrence W. Muschamp, JAGC, USNR, Appellate Defense Counsel.

LT H. S. Pointer, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, BAUM and GREGORY, JJ.

GREGORY, Judge:

Contrary to his plea, appellant was convicted at a special court-martial bench trial of robbery of $65.00 from a fellow Marine, in violation of Article 122, Uniform Code of Military Justice. The sentence, as approved on review below, provides for a bad conduct discharge, confinement at hard labor for four months, forfeiture of $240.00 pay per month for four months, and reduction to pay grade E–1. The confinement in excess of 85 days is to be suspended on probation.

The pleadings in this case allege that appellant committed this offense in conjunction with a Lance Corporal Owens. Appellant contends that the staff judge advocate's review of his case is invalid because it was drafted by the counsel who had defended Lance Corporal Owens at his separate trial one month earlier. This issue was raised below by trial defense counsel in his comments concerning the review, submitted pursuant to *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). In advising the supervisory authority on the matter, the staff judge advocate conceded that the first draft of the review had been prepared by the Navy judge advocate who had represented Lance Corporal Owens; however, the staff judge advocate indicated that reviews go through several intermediate steps in his office, are frequently revised and, before he signs and submits any review to the supervisory authority, he completely familiarizes himself with the record of trial and the review to ensure that the review represents his own "personal considered professional judgment" rather than "the views of any subordinates who provided input during the review process."

Appellant argues that, as counsel for appellant's coactor, the drafter of the review would have possessed privileged information which would prevent his impartial review of this case. He asserts that it cannot be ascertained whether or not such privileged knowledge may have affected the drafter's judgments and recommendations. He contends that, because the drafter knew matters outside the record no other person in any official capacity could have known or discovered, it is impossible to ferret out the weaknesses, premises, and perceptions of the drafter of the review.

■ Article 6(c), Uniform Code of Military Justice, 10 U.S.C. § 806(c), provides that:

No person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case.

In *United States v. Hightower*, 5 U.S.C.M.A. 385, 18 C.M.R. 9 (1955), the Court of Military Appeals gave liberal construction to the phrase "same case" and held that Article 6(c) disqualified the trial counsel of a related case from preparing a staff judge advocate's review. With this in mind, we believe the counsel who represented Lance Corporal Owens must also be considered as having acted in the "same case." *See United States v. Townsend*, No. 76 0128 (N.C. M.R. 25 May 1976).

■ We recognize that the counsel for Lance Corporal Owens did not sign the review presented to the supervisory authority; he merely prepared a draft for the staff judge advocate's consideration. Under most circumstances, preparation of a review by other than the staff judge advocate would be a perfectly acceptable procedure. A staff judge advocate is not required personally to draft a post-trial review signed by him and submitted to the reviewing authority. Such reviews may be prepared by an assistant for the staff judge advocate's approval and signature. It has long been held that a review prepared by an assistant is sufficient if it sets out all the essential facts of the case, the legal issues are framed properly, the staff judge advocate is informed of all matters substantially bearing on a fair and just trial, and the staff judge advocate is in complete accord with the principles of law announced in the review and concurs in the recommendations made to the reviewing authority. *United States v. Kema*, 10 U.S.C.M.A. 272, 27 C.M.R. 346 (1959). A different situation arises, however, when the assistant has acted in a prohibited capacity in the "same case."

■ In this case, the staff judge advocate has indicated that he has not merely adopted a subordinate's work product, but rather he has operated to make it his own "personal considered professional judgment." We are confident this is true. Nevertheless, we are confronted with a situation where the post-trial review had its genesis from a disqualified trial participant, and we are left with a feeling that this impropriety in the preparation of the review has not been completely dispelled by the subsequent actions of the staff judge advocate. In *United States v. Hardy*, 11 U.S.C.M.A. 521, 29 C.M.R. 337 (1960), the Court of Military Appeals considered that Article 6(c) had not been complied with where a disqualified officer prepared the post-trial review which was concurred in by the staff judge advocate who had no previous disqualifying connection with the case. In *Hardy*, the Court quoting from *United States v. Crunk*, 4 U.S.C.M.A. 290, 15 C.M.R. 290 (1954), stated:

" . . . the Article [6(c)] is intended to prevent a participant at the trial level from influencing the action of the convening authority, and it would be platitudinous reasoning for us to reach a conclusion that the disqualified officer did not assist in inducing the approval of the findings and sentence."

We interpret this language from *Crunk* to signify that the disqualification attaches to the work and not to the signature.

The post-trial review in this case required rationalization of sharply conflicting evi-

dence concerning the participation of appellant in the alleged robbery. In addition, a recommendation concerning possible clemency action for appellant was necessary. Lance Corporal Owens had been tried previously and, pursuant to a pretrial agreement, convicted of a lesser included offense. The interests of Lance Corporal Owens are considered to have been adverse to those of this appellant.

Under the circumstances of this case, we are unable to avoid the conclusion that the ultimate post-trial review was at least subliminally influenced by the earlier participation in the review by the counsel for Lance Corporal Owens. We conclude, therefore, that in the interests of insuring impartiality and fairness a new review and action pursuant to Articles 61 and 65, Uniform Code of Military Justice, 10 U.S.C. §§ 861, 865, are required.

Accordingly, the action of the supervisory authority is set aside. The record of trial is returned to the Judge Advocate General for transmittal to a different supervisory authority for action pursuant to Article 65(b), Uniform Code of Military Justice.

Senior Judge DUNBAR and Judge BAUM concur.