UNITED STATES, Appellee,

v.

Private First Class Albert M. KEMP,
Junior, SSN 074–50–0878, United
States Army, Appellant.

CM 437670.

U. S. Army Court of Military Review.

25 May 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major D. David Hostler, JAGC, and Captain Kevin O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Dougas P. Franklin, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant, pursuant to his pleas, was convicted of four specifications of larceny and three of housebreaking. These offenses were charged as violations of Articles 121 and 130 respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921 and 930. The approved sentence provides for confinement at hard labor for twelve months, forfeiture of all pay and allowances while in confinement, and reduction to the lowest enlisted grade.

I

Appellant first argues that the military judge erred to his substantial prejudice by denying his motion for appropriate relief

in the nature of requesting preparation of a new pretrial advice. In alleging material inaccuracies in the staff judge advocate's pretrial advice, appellant's counsel targeted the following statements:

> Outside several of the buildings investigators found several prints of sneakers which perfectly matched the sneakers worn by the accused the night of the breakin (sic).

> Off-duty military policeman Specialist Four Thomas Morrison was contacted by the accused the night of 9–10 October 1977 and was asked to help PFC Stevens, SP4 Nelson, and the accused unload furniture into Nelson's quarters.

> They then unloaded approximately $1700 worth of military clothing, including boots, field jackets, pants, and insignia, and placed those items in a military vehicle.

> The testimony of Sergeant Gothan, the two investigating CID agents, and a representative of the Bekins Moving and Storage Company will establish that furniture and household goods were stolen.

> Footprints identical to the shoes worn by the accused the night of the breakins (sic) were found outside of many of the buildings where the larceny (sic) occurred.

Appellant points out that there was no evidence in the report of the investigation conducted under the provisions of Article 32, UCMJ, that appellant actually wore the incriminating sneakers on the night of the housebreakings and larcenies. In fact, these shoes had been confiscated and the tread matched the footprints at the scene of each housebreaking. He adds that Specialist Morrison indicated that he only believed that the appellant called him and that the staff judge advocate's valuation of the furniture stolen was some $600 in excess of actual worth. Finally, appellant states that it was supposition on the part of the staff judge advocate rather than evidence in the investigation report, that a representative of Bekins Moving and Storage Company would testify that furniture and household goods were stolen.

Although there are, as demonstrated by appellant, deficiencies in the pretrial advice, no one of them nor all of them together make that advice incomplete, ill-considered, or misleading as to any material matter. Had the precise information been provided that appellant cites as lacking, we do not believe that the convening authority might have referred this case to an inferior court. Because we believe the inaccuracies noted by appellant are inconsequential, we find this allegation of error lacks merit. *See United States v. Greenwalt*, 6 U.S.C.M.A. 569, 20 C.M.R. 285 (1955); *United States v. Foti*, 12 U.S.C.M.A. 303, 30 C.M.R. 303 (1961); and *United States v. Porter*, 1 M.J. 506, 509–510 (A.F.C.M.R.1975).

## II

■ Appellant next contends that the staff judge advocate was disqualified to participate in the post-trial review of appellant's case because of appellant's challenge at trial of the staff judge advocate's pretrial advice. He relies on the decision in *United States v. Engle*, 1 M.J. 387 (C.M.A. 1976) to support this assignment of error.

The decision of the United States Court of Military Appeals in *United States v. Collins*, 6 M.J. 256 (C.M.A.1979) is controlling in this instance. Chief Judge Fletcher, writing for the majority, set forth the basis for determining the qualification of the staff judge advocate to participate in the post-trial review when his pretrial advice has been challenged at trial by the accused. If the pretrial advice is correct in all material aspects, both those of law and fact, then the staff judge advocate may participate in the post-trial review. *Engle* only disqualifies the staff judge advocate as the post-trial reviewer when the challenged pretrial advice misstates or omits a material fact, arrives at an erroneous conclusion of fact or makes a misstatement of law material to the convening authority's disposition of the case. *Collins, supra*, at 257.

Because of our earlier finding that the inaccuracies in the pretrial advice noted by appellant are inconsequential, we find this allegation of error also lacks merit.

## III

■ Appellant also challenges the validity of the post-trial review because it was prepared by the counsel who represented the Government at appellant's court-martial. He contends this constitutes a violation of Article 6(c), UCMJ, 10 U.S.C. § 806(c), which states:

No person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case.

In its decision in *United States v. Coulter*, 3 U.S.C.M.A. 657, 14 C.M.R. 75 (1954), the Court of Military Appeals found general prejudice when a person disqualified by Article 6(c) prepared a post-trial review. In that instance the staff judge advocate who authored the post-trial review had served as the trial counsel in the accused's court-martial. In the case of *United States v. Crunk*, 4 U.S.C.M.A. 290, 15 C.M.R. 290 (1954), the post-trial review was prepared by the law officer and a civilian attorney. It contained the notation, "I concur in the Opinion and Recommendation," signed by the staff judge advocate. The Court refused to consider this as evidence that the staff judge advocate had made an independent review of the record and come to his own conclusions. Nevertheless, the glimmering of an abandonment of general prejudice as set forth in *Coulter* seeped through in the Court's statement that:

We could, of course, speculate that the Staff Judge Advocate had made an independent review of the record, but there

1. 4 U.S.C.M.A. at 293, 15 C.M.R. at 293.

2. 4 U.S.C.M.A. at 294, 15 C.M.R. at 294.

3. *Compare United States v. Coulter, supra*; *United States v. Clisson*, 5 U.S.C.M.A. 277, 17 C.M.R. 277 (1954) (clemency report and recommendation that no clemency was warranted by trial counsel and adopted by staff judge advocate). *United States v. Hightower, supra* (trial counsel who prosecuted individual who committed

are no facts furnished us for such conjecture.[1]

The Court concluded that:

The probabilities in this instance are that the Staff Judge Advocate merely read the review as there would be no good reasons to have two assistants perform the labors of reading the record, researching the law, interviewing the accused, and drawing the conclusions, if the senior officer was to cover the same ground.[2]

The opinion of the Court of Military Appeals in *United States v. Hightower*, 5 U.S.C.M.A. 385, 18 C.M.R. 9 (1955) implies that the general prejudice concept again holds sway whenever there is participation in the post-trial review by a person disqualified by Article 6(c). However, this opinion is inconsistent with that of both *United States v. Crunk, supra*, and the later case of *United States v. Hardy*, 11 U.S.C.M.A. 521, 29 C.M.R. 337 (1960), wherein it was indicated that if the staff judge advocate prepared an independent review, the participation of an unqualified person would not invalidate that review. The concept of general prejudice was also rejected by the Court of Military Appeals in its decision in *United States v. Marsh*, 20 U.S.C.M.A. 42, 42 C.M.R. 234 (1970).

We agree with the government's position that the foregoing cases can be reconciled with each other and the instant case by focusing upon the involvement of the allegedly disqualified participant. In each case, either the staff judge advocate was disqualified because of his personal involvement in a capacity inconsistent with his position as the staff judge advocate or the disqualified person was held to be the staff judge advocate because of extensive involvement in either the entire review or a significant portion of it.[3]

mitted perjury at accused's behest prepared post-trial review of accused's suborning perjury trial, concurred in by staff judge advocate); *United States v. Hill*, 6 U.S.C.M.A. 599, 20 C.M.R. 315 (1956) (law officer who sat on co-accused's case prepared review which was concurred in by the staff judge advocate); *United States v. Nees*, 18 U.S.C.M.A. 29, 39 C.M.R. 29 (1968) (clemency interview conducted by staff judge advocate, issue not addressed); *United States v. Albright*, 9 U.S.C.M.A. 628, 26 C.M.R.

The facts before the Court in this case reveal that the trial counsel prepared a draft of the first five paragraphs of the post-trial review. The first three paragraphs present the procedural history of the case, the personal data about appellant and the mode of trial selected. The fourth paragraph discusses the motions made and a synopsis of the testimony and arguments relating to them but does not analyze or render any opinion as to the correctness of the judge's rulings. The fifth paragraph simply reported the plea. The other portions of the review were drafted by an attorney other than the trial counsel. The analysis and discussion of the issues raised and opinion of the staff judge advocate together with a summary of the evidence offered after appellant's guilty plea are found in those paragraphs. The staff judge advocate read the record of trial, reviewed and modified the drafts and made them into his own work product.

Although we find error from the participation of the trial counsel in preparation of the post-trial review, under the circumstances of this case we believe this error is harmless. Nevertheless, we caution those staff judge advocates who may be tempted to allow those proscribed by Article 6(c), UCMJ, to participate in preparation of the post-trial review, that we will closely scrutinize the circumstances as well as question their judgment. We may be called upon to decide as did our brothers of the Navy Court of Military Review in *United States v. Thompson*, 3 M.J. 966, 969 (N.C.M.R.1977) that under the circumstances the conclusion cannot be avoided that the ultimate post-trial review was at least substantially influenced by the earlier participation of a disqualified person.

### IV

Appellant's final assignment of error is without merit and does not warrant discussion.

The findings of guilty and the sentence are affirmed.

408 (1958) and *United States v. Cash*, 12 U.S.C. M.A. 708, 31 C.M.R. 294 (1962) (both involved disqualifications of the staff judge advocate be-

Senior Judge MITCHELL concurs.

Judge FELDER did not participate.

cause he had arranged a grant of immunity for a key government witness).