UNITED STATES

v.

**Senior Airman William A. GRINTER,
FR 273–72–1353, United States
Air Force.**

**ACM S28030.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Nov. 1988.

Decided 12 May 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Paul M. Dankovich.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni and Captain Joseph V. Treanor, III.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

LEWIS, Senior Judge:

Senior Airman Grinter pleaded guilty to wrongful use of cocaine. His use was detected by urinalysis following a unit inspection. Mil.R.Evid. 313(b). He was sentenced by members to a bad conduct discharge and reduction to airman basic. This sentence was approved by the special court-martial convening authority. On appeal, appellate defense counsel complain that Captain H., who had been appointed pursuant to Article 32, UCMJ, to conduct the pretrial investigation of the specifica-

tion and charge, subsequently prepared the staff judge advocate's post-trial recommendation as well. R.C.M. 405(d)(1) provides, in pertinent part: "The [pretrial] investigating officer is disqualified to act later in the same case in any other capacity." Appellate defense counsel, on the premise of this prohibition, ask that we direct a new staff judge advocate's recommendation and convening authority's action.

### Factual Background

The record of trial reflects that Captain H. was appointed to conduct a pretrial investigation in this case by a letter dated 14 September 1988. By her own letter of 16 September Captain H. advised the detailed defense counsel that a hearing was scheduled to commence on 22 September. A letter of 19 September from the area defense administrator, apparently written in the defense counsel's absence, requested that the hearing be delayed until 27 September. A handwritten notation at the foot of this letter reflects Captain H.'s approval. However, there is no indication in the record that the scheduled hearing was held. On 27 September the appellant submitted a written waiver of his right to a pretrial investigation of the charge and specification. R.C.M. 405(k). The staff judge advocate subsequently recommended to the convening authority that the charge and specification be referred to a special court-martial rather than to a general court-martial. This is what occurred.[1]

### Legal Considerations

While Captain H. did not conduct a hearing or issue a report to the convening authority, it would appear that her appointment as pretrial investigating officer placed her within the prohibition of R.C.M. 405(d)(1). A more basic prohibition pertinent to this situation is found within the Uniform Code itself. Article 6(c), UCMJ, 10 U.S.C. § 806(c), provides: "No person who has *acted* as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case." (Emphasis added). This language is repeated substantially verbatim in the 1984 Manual, in R.C.M. 1106(b), and was earlier found in MCM, 1969 (Rev.), para. 85a.

The statutory prohibition reflects a right of post-trial due process that was recognized by the Court of Military Appeals at an early date. In *United States v. Gordon*, 1 U.S.C.M.A. 255, 2 C.M.R. 161, 168 (1952), the Court noted that "the right to an impartial review is an important right which must be recognized in the military judicial system and an accused is entitled to have the record reviewed ... by one who is free from any connection with the controversy." An Article 32 investigator, among other responsibilities, makes an initial determination and resulting recommendation as to whether probable cause exists to refer charges to trial by court-martial. *United States v. Alford*, 8 M.J. 516, 517 (A.C.M. R.1979), *pet. denied*, 9 M.J. 139 (1980). *See United States v. Capel*, 15 M.J. 537 (A.F.C. M.R.1982), *pet. denied*, 16 M.J. 130 (1983). This role requires impartiality. *United States v. Pazdernik*, 22 M.J. 690, 691 (A.F. C.M.R.1986). It would surely follow that an Article 32 investigator should not have any expectation that he or she might play some official role in the future processing of pending charges in the event they are referred to trial by court-martial. When a pretrial investigator does assume a further role in the subsequent proceedings, both pre- and post-trial due process is called into question.

### Pretrial Due Process

In this case, Captain H. did not submit a recommendation as to trial. In the absence of a hearing, we have no basis for inferring that she had the opportunity to formulate an opinion as to whether prob-

---

1. The military judge, upon learning of Senior Airman Grinter's waiver of the Article 32 investigation, wisely queried the parties and determined that they had not entered into any *sub rosa* understanding or agreement in this regard. R.C.M. 705(d)(3). *See* Air Force Regulation 111–1, *Military Justice Guide*, para. 7–3a (30 September 1988).

able cause existed to justify referral of the charge and specification to trial. In view of the appellant's waiver of an Article 32 investigation and the subsequent referral of his case to a special court-martial it is difficult to discern any prejudice to his interests, notwithstanding the fact that his right to pretrial due process might arguably have been violated in an abstract sense. We find, on the record in this case, a violation of the express terms of R.C.M. 405(d)(1).[2] We find further that Senior Airman Grinter was not prejudiced thereby.

### Post–Trial Due Process—A More Difficult Question

The facts are not so readily analyzed from the post-trial perspective. Article 6(c) precludes one from serving as staff judge advocate or legal officer who has previously "acted" as pretrial investigator. It could be argued that, since Captain H. did not hold a hearing, prepare a report nor submit recommendations to the convening authority, she did not "act" as an investigator within the meaning of the statutory prohibition. Such an approach ignores both common sense and common experience.

A pretrial investigator is somewhat restricted in the amount of independent "investigation" that he or she might accomplish if the accused and his counsel are not present. *United States v. Payne,* 3 M.J. 354 (C.M.A.1977); *United States v. Whitt,* 21 M.J. 658 (A.C.M.R.1985), *pet. denied,* 22 M.J. 357 (1986). *See United States v. Natalello,* 10 M.J. 594 (A.F.C.M.R.1980). Be that as it may, it is not our experience that an Article 32 investigator shows up "cold" on the date of a scheduled hearing without some idea of the identity of witnesses, the nature of their testimony and of other evidence. The marshalling of sufficient information to enable one to conduct a well ordered and meaningful hearing constitutes a form of "action" which is pursued under the color of an appointment by the convening authority. We shall not infer that Captain H. remained wholly idle and

ignorant of the nature of the likely evidence in the appellant's case. Neither shall we presume that any actions she took to educate herself sufficiently to conduct a hearing could be easily characterized as merely administrative. *Cf. United States v. Barney,* 49 C.M.R. 281 (A.F.C.M.R.1974) (an officer was not disqualified from conducting a post-trial clemency review where he had previously been detailed as trial counsel but had done no more than serve charges on the accused prior to being relieved).

■ We conclude that Captain H. was precluded from preparing the post-trial recommendation in this case by virtue of Article 6(c), UCMJ, and R.C.M. 1106(b). Her doing so was error that must be tested for prejudice. A presumption of prejudice for an Article 6(c) violation may be hard to overcome. The Court of Military Appeals considered a situation wherein the trial counsel prepared the post-trial review, in *United States v. Coulter,* 3 U.S.C.M.A. 657, 14 C.M.R. 75 (1954). The Court enunciated the following guidance for assessing prejudice (14 C.M.R., at 77, *citing United States v. Gordon,* 1 U.S.C.M.A. 255, 2 C.M.R. 161):

> We also noted in that case that human behavior is such, that when a person, interested in the outcome of a trial, is called upon to pass on the results of that trial, his decision is necessarily different from that of a person who had no interest in the matter. [citation omitted] Applying these principles to the present situation, the danger of a partial and biased review is so strong that prejudice must be presumed.

An Article 32 investigator does not have the same interest (or, certainly, the same degree of interest) in the outcome of a trial as the trial counsel. See this Court's dictum in *United States v. McCoy,* 43 C.M.R. 918, 923 (A.F.C.M.R.1970). Thus, we do not perceive that the inevitability of prejudice which *Gordon* speaks of is as strong in the case before us. Nonetheless, the Court of Military Appeals in a case that is

---

**2.** This violation, which did not occur until after trial, obviously could not have been known to the defense at the time of trial. Thus, Senior

Airman Grinter's plea of guilty did not waive the issue of pretrial due process. R.C.M. 905(b)(1), 905(e).

instructive for our purposes held that new post-trial review proceedings were required where the Article 32 investigator, unbeknownst to the accused, prepared a draft of the review which became the basis for the advice to the convening authority. *United States v. Jolliff,* 22 U.S.C.M.A. 95, 46 C.M.A. 95 (1973). The Court condemned "the fact, much less the appearance, of evil inherent in the dual role." *Ibid.* However, in *United States v. Marsh,* 20 U.S.C.M.A. 42, 42 C.M.R. 234 (1970), the Court found no prejudice where the Article 32 investigator prepared the "Post–Trial Clemency Report," a portion of the post-trial review process. In *Marsh,* the clemency interviewer openly disclosed his prior participation in the case, indicated his conviction that he could conduct the sentence inquiry in an impartial manner, and submitted remarks and recommendations which were deemed to be favorable to the accused. *Id.,* at 236. Given these circumstances, the Court concluded that the situation was devoid of even an appearance of evil.

### No Post–Trial Prejudice—An Analysis

We have concluded that the appellant in this case suffered no prejudice by reason of Captain H.'s preparation of the post-trial review. We rely upon the following matters which we have gleaned from the record:

1. Contrary to the evil addressed by the Court of Military Appeals in *Coulter* and *Jolliff, supra,* there is no evidence that Captain H. developed an interest, either personal or professional, in the outcome of the appellant's case. The pretrial investigation was waived before she had an opportunity to conduct a hearing, assess the evidence adduced therefrom and fashion recommendations to the convening authority.

2. The appellant pleaded guilty to the charge and specification. No significant issues arose at trial that were likely to have affected the findings of guilty or sentence, regardless of who the post-trial reviewer might have been.

3. While Captain H. did not specifically recite the fact of her earlier appointment as pretrial investigating officer, the appellant's counsel had notice both of this appointment and of her preparation of the post-trial recommendations. *Cf. United States v. Jolliff,* 22 U.S.C.M.A. 95, 46 C.M.R. 95, discussed *supra.*

4. The appellant's counsel elected not to file a response to the recommendations nor otherwise to submit legal or clemency matters for consideration. Being on notice that Captain H. had performed in a dual role in the case, he made no complaint of perceived error or prejudice. *See* R.C.M. 1106(f)(6).

5. The staff judge advocate, by written endorsement, stated, "I have read the record of trial and the foregoing recommendation. I concur with the recommendation [that the findings of guilty and sentence be approved] made therein." Thus, Captain H.'s recommendation did not go directly to the convening authority, but was independently evaluated by her professional superior. However, this factor standing alone would not be sufficient to purge prejudice which is otherwise manifest. *See United States v. James,* 1 M.J. 487, 491 (A.F.C.M.R. 1975), and cases cited therein. *See also United States v. Kemp,* 7 M.J. 760, 762 (A.C.M.R.1979), and cases cited therein. Note the guidance in Air Force Regulation 111–1, *Military Justice Guide,* para. 15–4b (30 September 1988).

Based on our review of the record we are persuaded that the appellant's trial was free of any error which was prejudicial to his substantial interests. The findings of guilty are correct in law and fact. The sentence, which was quite lenient, is appropriate and is, likewise, correct in law and fact. We conclude that the interests of justice do not require that we direct that a new post-trial recommendation and action be accomplished in this case.

The findings of guilty and sentence are AFFIRMED.

Judge BLOMMERS and Senior Judge KASTL concur.