## UNITED STATES

v.

**Robert J. McCORMICK, 308 80 9411, Lance Corporal (E-3), U.S. Marine Corps.**

**NMCM 91 0619.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 5 June 1990.

Decided 31 Jan. 1992.

---

Before FREYER, HOLDER and MOLLISON, JJ.

MOLLISON, Judge:

Pursuant to his pleas of guilty, the appellant was found guilty of one specification of indecent acts in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. A military judge sitting alone sentenced the appellant to be confined for a period of 18 months, to forfeit $400.00 pay per month for a period of 18 months, to be reduced to pay grade E–1, and to be discharged from the United States Marine Corps with a bad-conduct discharge. A pretrial plea-bargain agreement between the appellant and the convening authority had no impact on the adjudged sentence, and the convening authority approved the sentence as adjudged. As a matter of clemency, however, the convening authority suspended confinement in excess of 15 months. The appellant assigns one error in the post-trial processing of his court-martial.[1]

Before taking action on the sentence of a general court-martial the convening authority must obtain and consider the written recommendation of his staff judge advocate. Article 60(d), UCMJ, 10 U.S.C. § 860(d); Rule for Courts–Martial (R.C.M.) 1106(a), Manual for Courts–Martial, United States, 1984. No person who has acted as a trial counsel in any case may later act as the staff judge advocate to a convening or reviewing authority in the same case. Article 6(c), UCMJ, 10 U.S.C. § 806(c); R.C.M. 1106(b). The essence of appellant's assignment of error is that the officer who prepared the staff judge advocate's post-trial recommendation to the convening authority was also a trial counsel in the case and was, therefore, disqualified from making such a recommendation. The appellant requests the court to reassess the sentence [2] or return the record for a new staff judge advocate's recommendation by a different

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LT Franklin V. Jensen, JAGC, USNR–R, Appellate Defense Counsel.

LCDR J. Richard Chema, JAGC, USN, Appellate Government Counsel.

1. THE JUDGE ADVOCATE WHO MADE THE RECOMMENDATION IN APPELLANT'S CASE ERRED BECAUSE HE ALSO ACTED AS THE TRIAL COUNSEL AND WAS DISQUALIFIED.

2. The appellant requests we approve the adjudged sentence, with the exception of the punitive discharge.

staff judge advocate and a new convening authority's action. Since the officer about which the appellant complains did not serve as the trial counsel at the appellant's trial, further explanation is required.

On 23 July 1990, the convening authority's staff judge advocate, Colonel Goodrich, signed his recommendation to the convening authority. This recommendation was drafted by Captain D.A. Niesen, U.S. Marine Corps, Chief Review Officer, Legal Services Support Section (LSSS), 2d Force Service Support Group. In the recommendation it was noted the military judge had made a recommendation concerning the suspension of a portion of the adjudged confinement. Nonetheless, it was recommended the sentence be approved without suspension. The same day, trial defense counsel was served with a copy of the recommendation and afforded the required 10–day comment period. R.C.M. 1106(f). By letter dated 2 August 1990, trial defense counsel submitted his comments on the staff judge advocate's recommendation. By endorsement dated 6 August 1990, the staff judge advocate, again Colonel Goodrich, responded to the matters raised in the defense counsel's comments and again recommended no clemency. Because this endorsement contained "new matter," a letter from the victim and her husband and congressional correspondence, the endorsement was served on trial defense counsel and trial defense counsel was given an additional ten days to comment on it. R.C.M. 1106(f)(7). In two letters dated 16 August 1990, trial defense counsel responded to the endorsement. Trial defense counsel specifically objected to the submission of the letter of the victim and her husband to the convening authority. Trial defense counsel further asserted that Captain Niesen had originally been assigned as prosecutor in the case; that Captain Niesen had been the point of contact for the victim's family at the LSSS; that he counselled the victim's family; that he escorted the victim and her family to the Naval Investigative Service in an effort to aid the investigation; that he provided his notes of interview to the successor trial counsel; that he acted as post-trial prosecutor; that he encour-

aged the submission of the letter by the victim; that he prepared the staff judge advocate's recommendation; that Captain Niesen's recommendations became the staff judge advocate's by "a mere stroke of the pen;" and that, as prosecutor, Captain Niesen was disqualified to act as staff judged advocate. Trial defense counsel requested the review process be repeated by a new review officer who had no previous involvement in the case and that a neutral preparation of the staff judge advocate's recommendation be performed. By letter dated 10 September 1990, a new staff judge advocate, Colonel Walls, submitted the original staff judge advocate's recommendation of 23 July 1990 (drafted by Captain Niesen) and the three trial defense responses to the convening authority. In his letter Colonel Walls states:

Enclosure (2) is a letter from the defense counsel in which he objects to the participation of Captain Niesen, the Chief Review Officer, Legal Services Support Section, in the review process of this case. His objection is based upon Captain Niesen having drafted the proposed recommendation for the previous Staff Judge Advocate's consideration after Captain Niesen had participated in the case as the trial counsel. However, as defense counsel correctly points out in paragraph four of his letter, Captain Niesen is not the Staff Judge Advocate in this case. His draft Staff Judge Advocate's recommendation, prepared in his subsequent capacity as Review Officer at the Legal Services Support Section, was merely submitted for consideration by the Staff Judge Advocate. The opinions and recommendations provided to you in your role as convening authority are mine and those of my predecessor, Colonel Goodrich. The fact that Captain Niesen drafted the review for consideration by the Staff Judge Advocate is of little importance since I and my predecessor have a statutory obligation as the Staff Judge Advocate to review such cases and provide you with our opinions and recommendations. I have reviewed the record of trial, the recommendations and opinions of my predecessor, and the previous

submissions by the defense counsel; I adopt the previous Staff Judge Advocate's submission as my own. Accordingly, the defense counsel's complaint is without merit.

Thus, from these events we may fairly conclude: (1) Captain Niesen functioned as trial counsel at some point in time in the appellant's case; (2) Captain Niesen was disqualified from acting as staff judge advocate to the convening authority in the appellant's case; (3) Captain Niesen was not, at least nominally, the staff judge advocate to the convening authority; (4) Captain Niesen drafted the staff judge advocate's post-trial recommendation to the convening authority; (5) the recommendation recommended no clemency be granted the appellant; (6) the recommendation, prepared by Captain Niesen, was adopted by two staff judge advocates as their own recommendation; (7) at least one of the staff judge advocates adopted the Niesen-drafted recommendation after conducting his own independent evaluation; (8) trial defense counsel made timely objection to the participation of Captain Niesen in the review of appellant's case; and (9) notwithstanding the staff judge advocate's recommendations, the convening authority exercised clemency. The question for us then is whether the appellant is entitled to a new staff judge advocate's recommendation by a new staff judge advocate and to a new convening authority's action or reassessment of his sentence by us.

▆▆▆ The following principles apply:
(1) An accused is entitled to a fair and impartial post-trial recommendation by one "free from any connection with the controversy." *See United States v. Metz*, 16 U.S.C.M.A. 140, 36 C.M.R. 296 (1966) (quoting *United States v. Gordon*, 1 U.S.C.M.A. 255, 2 C.M.R. 161, 168 (1952)); *United States v. Hardy*, 11 U.S.C.M.A. 521, 29 C.M.R. 337, 338 (1960); *United States v. Clisson*, 5 U.S.C.M.A. 277, 17 C.M.R. 277, 280 (1954).
(2) The Article 6 disqualification is intended to prevent a participant at the trial level from influencing the action of the convening authority *qua* staff judge advocate. *United States v. Crunk*, 4 U.S.C.M.A. 290, 15 C.M.R. 290, 294 (1954); *Clisson*, 17 C.M.R. at 280.
(3) Mere concurrence by a staff judge advocate in a review prepared by a disqualified person does not constitute compliance with the requirement for an impartial review. *United States v. Hightower*, 5 U.S.C.M.A. 385, 18 C.M.R. 9, 13 (1955).
(4) The disqualification attaches to the work and not the signature. *United States v. Thompson*, 3 M.J. 966, 968 (N.C.M.R.1977), *rev'd on other grounds*, 6 M.J. 106 (C.M.A.1978).
(5) The appearance of evil created when a staff judge advocate's recommendation is drafted by disqualified persons is to be avoided. *United States v. Jolliff*, 22 U.S.C.M.A. 95, 46 C.M.R. 95 (1973); *United States v. Hill*, 6 U.S.C.M.A. 599, 20 C.M.R. 315, 317 (1956).
(6) When a staff judge advocate's recommendation is erroneously drafted by someone who is disqualified, the error should be examined for prejudice, general or specific. *United States v. Coulter*, 3 U.S.C.M.A. 657, 14 C.M.R. 75, 78 (1954); *United States v. Henderson*, 32 M.J. 941 (N.M.C.M.R.1991); *United States v. Grinter*, 28 M.J. 840 (A.F.C.M.R.1989); *United States v. Moultak*, 21 M.J. 822 (N.M.C.M.R.1985), *aff'd*, 24 M.J. 316 (C.M.A.1987); *United States v. Kemp*, 7 M.J. 760 (A.C.M.R. 1979); *United States v. Kluver*, 14 C.M.R. 922 (A.B.R.1954).

▆▆▆ When we apply the law to the facts of this case, we remain confronted with the immutable fact that the recommendation that reached the convening authority under the aegis of the staff judge advocate was drafted by a disqualified person. We are mindful that Captain Niesen's draft was filtered through two staff judge advocates and the latter stated that he conducted his own review before he adopted Captain Niesen's. Nonetheless, we doubt that any public confidence in the integrity and impartiality of a process could be garnered when that process affords disqualified per-

sons an "inside track" for advancing their views and then purports to cloak those views with the mantle of impartiality. In this case the convening authority was confronted with competing points of view respecting how he should exercise his discretion on the sentence. It was in this precise context the convening authority, the disciplinary process, and the accused needed a staff judge advocate who was impartial in appearance and reality. The staff judge advocate commendably addressed all of these issues to the convening authority, but in the final analysis, the convening authority was left to judge not only the competing recommendations respecting the appropriateness of the sentence, but also the claim that his own primary source for impartial advice had been co-opted. Reassuringly, the convening authority demonstrated his own independence by granting some clemency. Whether the convening authority would have been persuaded to grant clemency in some other form or amount had the staff judge advocate's recommendation come to him free of this history, we will not speculate. When recommendations and the exercise of broad discretion are involved, appellate courts are limited in discerning what the outcome might have been in the absence of the error. *See United States v.*

*Hill,* 27 M.J. 293 (C.M.A.1988). The best we may do is ensure the playing field is kept level and put the parties back in the position they would have been had the error not been committed. *Id.* Despite the staff judge advocate's sincere efforts, we are not persuaded he succeeded in filtering out the influence or the appearance of influence of a disqualified party *qua* staff judge advocate.[3]

Accordingly, the action of the convening authority is set aside, and the record of trial is returned to the Judge Advocate General for transmission to the convening authority for a new staff judge advocate's recommendation and action. The new staff judge advocate's recommendation shall be prepared by a judge advocate not heretofore involved in this case.

Senior Judge FREYER and Judge HOLDER concur.

---

3. *But see Kluver,* 14 C.M.R. at 926–27.