**UNITED STATES**

v.

**Airman First Class William R. HOLT, FR564–85–3509, United States Air Force.**

**ACM 30320.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Sept. 1992.

Decided 1 Nov. 1993.

Appellate Counsel for the Appellant: Captain Robert E. Watson (argued), Colonel Terry J. Woodhouse, Lieutenant Colonel Frank J. Spinner, and Lieutenant Colonel Jay L. Cohen.

Appellate Counsel for the United States: Captain Timothy G. Buxton (argued), Colonel Jeffery T. Infelise, and Lieutenant Colonel Thomas E. Schlegel.

Before DIXON, GRUNICK, and PEARSON, Appellate Military Judges.

## OPINION OF THE COURT

GRUNICK, Judge:

Following his conviction, appellant submitted clemency matters to the convening authority, pursuant to R.C.M. 1105 and 1106. An "Addendum to SJA Recommendation" was submitted to the convening authority as a result of appellant's submissions. The addendum was signed by the trial counsel, Lieutenant Colonel C, in his role as acting staff judge advocate. We find that trial counsel was disqualified to advise the convening authority and we set aside the convening authority's action. Article 6(c), UCMJ, 10 U.S.C. § 806(c) (1988), and R.C.M. 1106(b).

The allied papers reflect the SJA recommendation was properly prepared and served upon appellant. Matters submitted by appellant to the convening authority included his request for a reduction in confinement and forfeitures. Based upon appellant's clemency submissions, an addendum to the SJA recommendation was prepared, but instead of being signed by the staff judge advocate, it was signed by Colonel C, who also served as the trial counsel in appellant's case. R.C.M. 1106(b) states that "[no] person who has acted as member, military judge, *trial counsel*, assistant trial counsel, defense counsel, associate or assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal advisor to any reviewing or convening authority in the same case." (Emphasis added.)

We distinguish our ruling here from our previous holding in *United States v. Felix*, 36 M.J. 903 (A.F.C.M.R.1993) (*en banc*). In that case, the assistant trial counsel prepared and signed the SJA recommendation, but it was also signed by the staff judge advocate, who concurred in the recommendation. After defense counsel submitted a response to the SJA recommendation, only the staff judge advocate prepared and signed the addendum. In the *Felix* post-trial submissions, defense counsel did not assert the disqualification error caused by assistant trial counsel preparing and signing the SJA recommendation. We held defense failure to note specific errors in the SJA recommendation constituted waiver and was not plain error. *Felix*, 36 M.J. at 911.

In the instant case, there was no opportunity for the defense counsel to raise this obvious defect in the post-trial processing to the convening authority. Unlike our decision in *Felix* involving waiver, appellant had neither the opportunity nor requirement to respond to this error. In vigorous oral argument, appellate government counsel conceded error but asserted appellant was not specifically prejudiced by it. We conclude to the contrary. In this instance, we presume prejudice where there has been a failure to comply with the clear statutory disqualification in Article 6(c), UCMJ, and appellant has not had the opportunity to raise the error. See *United States v. Grinter*, 28 M.J. 840, 842 (A.F.C.M.R.1989), citing *United States v. Coulter*, 3 U.S.C.M.A. 657, 14 C.M.R. 75, 77 (1954); *United States v. McCormick*, 34 M.J. 752, 755 (N.M.C.M.R.1992). A new

addendum to the SJA recommendation and a new convening authority action is required.

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Chief Judge DIXON and Judge PEARSON concur.