UNITED STATES, Appellee

v

PAUL W. HARDY, Master Sergeant,
U. S. Army, Appellant

11 USCMA 521, 29 CMR 337

No. 13,625

Decided June 17, 1960

*Sheldon Cohen, Esquire,* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel W. H. Blackmarr, First Lieutenant Robert D. Stiles,* and *First Lieutenant Herbert R. Brown.*

*First Lieutenant Edward J. Lee* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy.*

Opinion of the Court

ROBERT E. QUINN, Chief Judge:
The issue before us is whether the accused was prevented from showing that he did not receive a fair post-trial review.

After an eight-day trial, a general court-martial convicted the accused of a number of offenses, including larceny of over $16,000.00, committed while serving as commissary steward at Fort

**521**

Jay, New York. It sentenced him to a dishonorable discharge, total forfeitures and confinement at hard labor for five years. The convening authority approved the findings of guilty and the sentence. When the case came up for review before the board of review, appellate defense counsel moved for an order to take testimony to support a claim that, while signed only by the staff judge advocate, the post-trial review was actually prepared by Major Kennison, an assistant staff judge advocate, who, because of previous involvement with the prosecution, was disqualified from participating in the review. In an affidavit, in support of the motion, civilian defense counsel alleged, in part, that Major Kennison had told him and others that he was prejudiced against the accused "because of his intimate connection with the case from its pre-trial stages onwards." Counsel's affidavit also indicated he was refused information by the staff judge advocate on whether Major Kennison took part in the post-trial review. The board of review denied the motion on the ground that the supporting papers did not raise a "substantial question concerning the regularity" of the review. Later, appellate defense counsel filed a formal assignment of errors contending, among other things, that the accused had been deprived of the opportunity to show he was not accorded a fair review. The assignment was supported by a statement by military defense counsel to the effect that he had located and had a telephone conversation with a retired warrant officer who had served in the office of the staff judge advocate at the time of this case. He said he was told by the warrant officer that Major Kennison had "engineer[ed] the prosecution" of the case, and that the Major had actually written the staff judge advocate's review. The substance of this conversation was reduced to affidavit form. Although verifying its essential correctness on several occasions, the warrant officer refused to sign it. He gave the following reason for his refusal:

". . . [A]fter giving the affidavit serious thought *I have come to the decision that I cannot really make a*

522

*true statement on the Hardy case— everything is so uncertain in my mind."*

The board of review again denied the accused any relief. However, it noted that if the "disqualification of the reviewer [had] appeared as a matter of record," the accused would have been entitled to a new review.

It is well settled that an accused is entitled to a fair and impartial review. The review here was signed by the staff judge advocate whose competency is not challenged. The record, therefore, shows no irregularity. However, appellate defense counsel have called our attention to the fact that on September 25, 1958, The Judge Advocate General of the Army directed that the staff judge advocate's review be signed "only by the S.J.A." DA Message 367625, dated September 25, 1958. The review is dated almost four months after this order. Appellate defense counsel, therefore, contend there is no presumption that the staff judge advocate alone prepared the review. The board of review answered this contention by observing that a staff judge advocate may properly have the assistance of a staff member in the preparation of a post-trial review. United States v Kema, 10 USCMA 272, 27 CMR 346. When the staff judge advocate signed the review in his own name, said the board of review, he thereby assumed full responsibility for the final review, and, consequently, "there . . . [was] no occasion for further inquiry." The board of review held that in the absence of any indication that the staff judge advocate was assisted by others, the review can be judged only by its content.

The right to challenge the validity of the post-trial review does not depend upon the anonymity of those who participate in its preparation. We have held that a review prepared by an assistant staff judge advocate, who is disqualified because of prior participation in the case, impairs the impartiality of the review, despite the fact that the review is thereafter read and concurred in by the staff judge advocate, who has

himself had no previous connection with the case. In United States v Hightower, 5 USCMA 385, 18 CMR 9, we expressly rejected the Government's contention that the assistant staff judge advocate is merely the amanuensis of the staff judge advocate and that the former's bias cannot affect the validity of the review. In part we said:

"One final point urged by the Government requires consideration. The Government contends that inasmuch as Captain Hudson prepared the report as Assistant Staff Judge Advocate, he was, essentially, only an amanuensis for the Staff Judge Advocate. The latter had no previous connection with either case, and, consequently, there is no violation of Article 6(c). This argument was adopted by the board of review below. However, some months after publication of the opinion by the board of review, this Court decided United States v Crunk, 4 USCMA 290, 15 CMR 290. In that case, the person who had acted as law officer at the trial later prepared the post-trial review, in conjunction with a civilian attorney. There, as here, the staff judge advocate noted that he concurred in the opinions and recommendations of the reviewers. In a unanimous opinion, we held such conduct to be prohibited by Article 6(c). After pointing out that 'mere concurrence' did not show compliance with the Code requirement for an impartial review by the staff judge advocate, we said:

'. . . Aside from that, the Article is intended to prevent a participant at the trial level from influencing the action of the convening authority, and it would be platitudinous reasoning for us to reach a conclusion that the disqualified officer did not assist in inducing the approval of the findings and sentence.'"

In our opinion, the accused has presented more than a naked charge of unfairness. He has named a ▪ particular individual as the draftsman of the post-trial review and has presented evidence which indicates the draftsman was actively connected with the prosecution of the case and the post-trial review. Judicial inquiry may show the charge is exaggerated, or that the staff judge advocate made a complete and independent review. But on the showing made by the accused, further inquiry into the matter is warranted. See United States v Hood, 9 USCMA 558, 26 CMR 338; United States v Proctor and Gamble, 28 L W 2599 (US DC NJ).

We return the record of trial to the board of review for further proceedings consistent with this opinion. See United States v Allen, 8 USCMA 504, 25 CMR 8.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Aside from indicating an unwarranted and sympathetic feeling for a fishing expedition which seeks to obtain evidence without regard to competency, relevancy, materiality, or confidentiality, this opinion cannot help but confuse a board of review.

Throughout the entire proceedings, the accused has conceded inferentially that he does not have evidence to support the results he seeks to obtain, and his counsel has assiduously sought to have appellate agencies compel third parties either to prove their official acts were regular or to impeach themselves by supporting his innuendoes. He first proceeded by demanding that the staff judge advocate produce evidence of regularity or irregularity and, when this failed, he petitioned The Judge Advocate General of the Army, the board of review, and this Court to compel that functionary to submit to his demand. But, in addition, he reached out to snare other individuals working in the office or connected with the case. In each instance, the relief that he requested was denied, and rightly so. The evidence he would like us to order furnished invades the privacy of wholly internal operations in the office of the staff judge advocate, and the questions propounded go so far even as to touch upon the conversations

between the staff judge advocate and his secretary and any directions the former may have given the latter. By comparison, I might suggest that the accused is seeking to have the Supreme Court order a Court of Appeals judge and his office staff to disclose to a defendant every intimate detail connected with his preparation, circulation, and publication of an opinion. To state the analogy is to show the absurdity of accused's request. No wonder the staff judge advocate, when he was asked to furnish answers to a long list of inquiries, replied that he declined solely in the interest of orderly procedure. To open up a Pandora box of that sort merely because counsel for an accused states he doubts all is well encourages collateral attacks at all levels and complicates the appellate process.

Aside from the foregoing, I say a board of review will be confused by the lack of discussion or a concrete and understandable disposition by this Court. The opinion merely states that further inquiry into the matter is warranted, but the board is given no guideposts on how far and to what extent this Court believes an inquisitive accused may probe into the affairs of a quasi-judicial office. Is he, as he insists, entitled to know what restrictions the staff judge advocate places on his secretary, or who gave her any notes concerning the case, or to whom he or his assistant expresses any opinion about it? Moreover, can this Court or the board of review indiscriminately order third parties to furnish sworn testimony without having been subpoenaed as witnesses in a regular proceeding? Even appellate courts are bound to follow the law before they can legally require witnesses to appear and testify. I could pose many more questions which might help to place this type of proceeding in its true light, but I am sure it would be to no avail. My associates have concluded the accused has been denied a privilege accorded him by the Code but, if so, it could be no more than a right to an impartial review. If they are correct in that conclusion, relief could be given him without impairing the orderliness of the judicial processes merely by directing a new review by another staff judge advocate.