UNITED STATES, Appellee

v

RONNIE R. METZ, Private, U. S. Army, Appellant

16 USCMA 140, 36 CMR 296

No. 19,047

March 18, 1966

*Captain Francis R. Jones* argued the cause for Appellant, Accused. With

him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Martin S. Drucker.*

*First Lieutenant Maurice Jay Kutner* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

QUINN, Chief Judge:

On his plea of guilty, a general court-martial at Fort Polk, Louisiana, convicted the accused of unauthorized absence, failure to obey a lawful order, and escape from confinement, in violation of Articles 86, 92, and 95, Uniform Code of Military Justice, 10 USC §§ 886, 892, and 895, respectively. It sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. The convening authority reduced the period of confinement to nine months, in accordance with a pretrial agreement with the accused, but otherwise approved the sentence. The accused contends that the post-trial review is invalid, because trial counsel improperly participated in preparation of the staff judge advocate's advice, required by Article 61, Code, supra, 10 USC § 861.

The post-trial advice appears to have been prepared solely by the acting post staff judge advocate. However, in an affidavit presented by the accused in support of his petition, trial counsel admitted he was given "instructions" to prepare "a post-trial review." Acting thereon, he "conducted . . . [a] post-trial interview with the accused," and prepared a "rough draft" of the required advice, up to that part dealing with "'Rehabilitation'" of the accused and the recommendations to the convening authority.

In a long line of cases extending from United States v Gordon, 1 USCMA 255, 2 CMR 161, through United States v Hardy, 11 USCMA 521, 29 CMR 337, we have consistently held that the accused has the right to a thoroughly fair and impartial review by one "free from any connection with the controversy." *Gordon*, at page 262. Trial counsel is patently disqualified from participating in the post-trial advice, because his attitudes as trial counsel are inconsistent with the requirements of impartiality demanded of one who takes part in formulation of the advice.[1] United States v Coulter, 3 USCMA 657, 14 CMR 75; United States v Hightower, 5 USCMA 385, 18 CMR 9. Occasionally, the Government has tried to excuse participation in the advice by a person who previously acted in an inconsistent position by describing his role as that of a mere amanuensis. See United States v Crunk, 4 USCMA 290, 15 CMR 290; United States v Clisson, 5 USCMA 277, 17 CMR 277. We have, however, uniformly cut beneath the label to expose the substance of the participation. United States v Hardy, supra. Whenever we found more than ministerial action, we struck down the post-trial review.

The course we have followed to assure an unalloyed review is not unique. It has its counterpart in civilian judicial and administrative review. 5 USC § 1004(c); 28 USC § 455; In re Murchison, 349 US 133, 99 L ed 942, 75 S Ct 623 (1955); Brandenfels v Day, 316 F2d 375 (CA DC Cir) (1963), cert den, 375 US 824, 11 L ed 2d 57, 84 S Ct 66 (1963). "[O]ur system of law," said the Supreme Court

---

[1] At trial, the accused's entire effort consisted of a plea for a sentence that would enable him to continue in the service. He stressed that he was a "straight soldier" and had twice been "runner-up for soldier-of-the-month." Trial counsel vigorously opposed the plea for leniency. In part, he argued that the accused had "been given too many breaks already"; that the "Army is not a rehabilitation center," and the court-martial would "do justice in this case" only if it imposed a punitive discharge with substantial confinement.

of the United States, "has always endeavored to prevent even the probability of unfairness." *Murchison,* at page 136.

Since the accused pleaded guilty to the offenses charged, trial counsel's inconsistent role may not have had any prejudicial effect as to the review of the evidence of his guilt. However, the accused is entitled to a review of his sentence with the same impartiality required for review of the findings of guilty. The role trial counsel played in the sentence aspects of the advice went far beyond the performance of a merely ministerial act. Cf. State v Nagel, 185 Ore 486, 202 P2d 640 (1949), cert den, 338 US 818, 94 L ed 495, 70 S Ct 60 (1949). His participation invalidated the acting staff judge advocate's advice.

The decision of the board of review is reversed and the action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General of the Army for submission to another competent reviewing authority for further proceedings under Articles 61 and 64, Uniform Code of Military Justice.

Judges FERGUSON and KILDAY concur.