## UNITED STATES

v.

**Sergeant David JAMES, FR 429–84–6141 22d Security Police Squadron 1st Strategic Aerospace Division (SAC).**

**ACM 21766.**

Air Force Court of Military Review.

25 April 1975.

Appearances: Appellate counsel for the Accused: Colonel William E. Cordingly and Major John A. Cutts III. Appellate counsel for the United States: Colonel C. F. Bennett and Captain Alvin E. Schlechter.

## DECISION

LeTARTE, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongful sale and possession of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The court sentenced him to be dishonorably discharged, to forfeit $200.00 per month for 24 months, to be confined at hard labor for 24 months and to be reduced in grade to airman basic. The convening authority approved the sentence as adjudged and designated the United States Disciplinary Barracks, Fort Leavenworth, Kansas, as the place of confinement.

Appellate defense counsel have invited our attention to eight assertions of error submitted by the accused in his request for appellate representation and have assigned six additional errors for our consideration. Since we are in agreement with appellate defense counsel's contention that the post-trial review was written by a disqualified officer, we will limit our discussion to this claim of error.

The following circumstances are pertinent to this issue.[1] The principal witness against the accused was an Airman Smith who, in July 1974, had been placed in pre-trial confinement pending trial on several offenses including some that were drug related. Before his court-martial was convened, Smith approached the Combat Support Group Commander, Colonel Brown, and informed him that the accused, a security police desk sergeant in the confinement facility, was selling drugs to the inmates. Smith offered to cooperate in obtaining evidence of the accused's illegal activities in exchange for Colonel Brown's promise to recommend that the convening authority suspend any punitive discharge that might be adjudged in Smith's forthcoming trial. Colonel Brown agreed to do this.

---

1. In gleaning some of these facts, we have taken judicial notice of the record of trial in the case of *United States v. Smith*, No. 21716 (A.F. C.M.R. 12 Dec. 1974), pet. denied, —— C.M.R. —— (10 Feb. 1975). *United States v. Lovett*, 7 U.S.C.M.A. 704, 23 C.M.R. 168 (1957).

On 8 August 1974, Smith was convicted and sentenced to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $200.00 per month for 18 months and reduction in grade to airman basic. On 8 September, Smith purchased a quantity of heroin from the accused. This was a "controlled buy" supervised by agents of the Office of Special Investigations and the base security police. Based on this incident and evidence previously supplied by Smith, charges were preferred against the accused for several offenses. At trial, the accused was acquitted of all the charges except those stemming from his alleged sale of heroin to Smith on 8 September.

The convening authority acted upon Smith's case on 26 September 1974, several weeks before the accused's trial. Pursuant to his agreement with Smith, Colonel Brown recommended that Smith's punitive discharge be suspended. The Deputy Staff Judge Advocate, Lieutenant Colonel Trout, who was then the acting staff judge advocate, concurred but further recommended that the confinement and forfeiture provisions in excess of 12 months duration be likewise suspended. Both of these officers' recommendations were made on the basis of Smith's cooperation in furnishing evidence against the accused. They were not conditioned upon Smith testifying at the accused's trial. In his action, the convening authority adopted Lieutenant Colonel Trout's recommendation.

Upon completion of the instant record of trial, an abbreviated opinion was prepared in the staff judge advocate's office. This opinion was written by the Chief of Military Justice, Major Honn, and was signed by the Staff Judge Advocate, Colonel Castle. In this document, the convening authority was advised that he was disqualified from acting upon the accused's case because he had granted clemency to Smith for his cooperation as a Government informer against the accused. Following the staff judge advocate's recommendation, the convening authority forwarded the record to another officer exercising general court-martial jurisdiction, and this officer referred the case to his Staff Judge Advocate, Colonel Yery, for review. However, the review was not prepared by Colonel Yery or one of his assistants. Instead, the review was written by Major Honn and adopted in its entirety by Colonel Yery.

On these facts, appellate defense counsel assert that Major Honn was disqualified from writing the post-trial review and that the prejudicial effect thereof was not erased by Colonel Yery's subsequent adoption of the review. We agree.

In reaching our conclusion, we have initially determined that the original convening authority was in fact disqualified from acting on the accused's case. "It is well-settled that the convening authority may not involve himself in granting immunity or clemency to a Government witness and thereafter review or act upon the case." *United States v. Sierra-Albino*, 22 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Dickerson*, 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973); *United States v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963). We are aware that exceptions to this rule exist[2] and that in most cases where this principle has been applied, the disqualifying grant of immunity or clemency was made to an *accomplice* in exchange for his trial testimony against the accused.[3] However, the basis of the disqualification rule is the convening authority's presumed prejudgment of the witness' credibility. *United States v. White*, 10 U.S.C.M.A. 63, 27

---

2. For example, in *United States v. Ravenel*, 48 C.M.R. 193 (A.F.C.M.R. 1974), pet. denied, 48 C.M.R. 1000 (1974), this Court held that the convening authority was not disqualified by virtue of his grant of *immunity* to a principal Government witness since the immunity covered offenses unrelated to the accused's charges and the witness was not criminally involved in the offenses about which he testified.

3. See, *United States v. Sierra-Albino*, supra; *United States v. Dickerson*, supra; *United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972); *United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972); *United States v. Donati*, supra; *United States v. White*, 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958).

C.M.R. 137 (1958). Therefore, when, as here, the convening authority has expressed an even greater pretrial judgment of the credibility of an essential Government witness than would be the case in a grant of immunity, he is precluded from acting as the post-trial reviewing authority. *United States v. Marks*, 19 U.S.C.M.A. 389, 41 C.M.R. 389 (1970). It is simply asking too much of a convening authority that he impartially weigh a witness' testimony when he has already substantially rewarded the witness for his part in bringing the charges against the accused. Cf. *United States v. White*, supra.

Having determined that the convening authority was disqualified from reviewing the accused's case, we turn to the issue raised by appellate defense counsel. There is no evidence in Smith's or the accused's records of trial indicating that Major Honn was statutorily disqualified from reviewing the accused's case.[4] Further, we are not inclined to presume disqualification on Major Honn's part on the sole basis of his responsibilities in command military justice matters. Rather, our conclusion is bottomed upon the disqualification of Major Honn's immediate supervisors, the staff judge advocate and his deputy.

▇▇▇ When a staff judge advocate recommends clemency in return for an accomplice's testimony, he is thereby debarred from reviewing the case. *United States v. Diaz*, supra; *United States v. Donati*, supra; *United States v. Albright*, 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958). On the basis of the same reasoning earlier applied to a convening authority, we believe that a staff judge advocate is similarly disqualified when he has recommended that clemency be granted to an essential witness for his assistance in gathering evidence against the accused, whether or not the witness was an accomplice. In addition, because of the unitary function of a staff judge advocate's

office, the fact that the disqualifying clemency recommendation was made by an assistant staff judge advocate in the staff judge advocate's temporary absence, does not provide a significant basis for insulating the staff judge advocate himself. *United States v. Diaz*, supra; Cf. *United States v. McMath*, 46 C.M.R. 1247 (A.C.M.R. 1973). To hold otherwise would require that we presume, at the very least, that the staff judge advocate had no knowledge of, or did not ratify, his assistant's recommendation.

In the case before us, it is clear that Lieutenant Colonel Trout was disqualified from reviewing the record since he recommended the grant of clemency to Smith. Colonel Castle was also disqualified because of his position as the convening authority's staff judge advocate and his presumed knowledge of his deputy's involvement in the case. To paraphrase the Court's reasoning in *United States v. Maxfield*, 20 U.S.C.M.A. 496, 43 C.M.R. 336,[5]

". . . it is asking too much of 'human behavior' to expect [that Colonel Castle in reviewing Smith's credibility would] be wholly free of the influence of [the convening authority's and his deputy's prior actions]. . . ."

See also *United States v. Dickerson*, supra.[5]

Similarly, it would be asking too much of Major Honn to expect that, in judging Smith's credibility, he could disregard the views unmistakably expressed by his superiors. The validity of this observation is demonstrated to an extent by reference to Major Honn's treatment of the significant factual issues that arose from Smith's testimony on the one hand and that of the accused and several defense witnesses on the other. Although he correctly advised the convening authority of the legal principles involved in evaluating a witness' credibility, Major Honn reasoned that

there is no substantial distinction between the rules applicable to a convening authority's qualifications and to those of a staff judge advocate. *United States v. Cash*, 12 U.S.C.M.A. 708, 31 C.M.R. 294 (1962).

---

4. Uniform Code of Military Justice, Article 6(c), 10 U.S.C.A. § 806(c).

5. Although the *Dickerson* and *Maxfield* cases involved questions concerning the convening authority's qualifications to review a case,

". . . judged by the circumstances under which they are testifying, their apparent demeanor and manner while on the stand (which we cannot benefit from but from which the court members could), the acuteness of their powers of observation, their interests in the outcome of the case, and their friendships and prejudices, and the extent to which they are contradicted or corroborated by other credible evidence, taking into account our own experience in dealing with people, the only available conclusion, in my opinion, is that [the accused and his witnesses] were untruthful."

This conclusion presupposes that Smith was telling the truth as to those events that were contested and about which his version was not corroborated. The reasons given are not persuasive or logical since they are based upon generalities that could as easily have been applied to Smith's testimony. This is especially so in light of the accused's acquittal of every offense charged in which Smith's testimony was the only evidence introduced.

 Accordingly, we find that the post-trial review should not have been prepared by an officer whose superiors and commander were themselves disqualified from reviewing the case. The Court of Military Appeals has "consistently held that the accused has the right to a thoroughly fair and impartial review by one 'free from any connection with the controversy.'" *United States v. Metz*, 16 U.S.C.M.A. 140, 36 C.M.R. 296 (1966), citing *United States v. Gordon*, 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952). This right includes a review written by someone whose opinions and recommendations could not have been influenced by his supervisors' actions. Furthermore, since Major Honn was disqualified, Colonel Yery did not provide the necessary impartiality by ratifying the review even though he, personally, was not disqualified. *United States v. Jolliff*, 22 U.S.C.M.A. 95, 46 C.M.R. 95 (1973); *United States v. Mallicote*, 13 U.S.C.M.A. 374, 32 C.M.R. 374 (1962).

For the reasons stated, the convening authority's action is hereby set aside. The record of trial is returned to The Judge Advocate General, United States Air Force, for referral to an appropriate officer exercising general court-martial jurisdiction for a new review and action.

ORSER, Judge, concurs.

EARLY, Judge, absent.

## TO THE HONORABLE, THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), 10 U.S.C. § 867(b)(2), the record of trial and the decision of the United States Air Force Court of Military Review, in the above-entitled case, are forwarded for review.

2. The accused was tried by General Court-Martial convened at March Air Force Base, California, on 17–19 October 1974, and despite his pleas of not guilty was convicted of two offenses, one of sale of heroin and the other of possession of heroin, both alleged as violations of Article 134, 10 U.S.C. § 934, Uniform Code of Military Justice. He was sentenced to a dishonorable discharge, confinement at hard labor for 24 months, forfeiture of $200 per month for 24 months, and reduction to the grade of airman basic. The convening authority approved the sentence. The Court of Military Review on 25 April 1975 set aside the action of the convening authority and ordered the case returned to an appropriate jurisdiction for a new review and action. This decision was received by The Judge Advocate General on 25 April 1975.

3. It is requested that action be taken with respect to the following issue:
"WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE POST–TRIAL REVIEW WAS LEGALLY INSUFFICIENT?"
WALTER D. REED
Brigadier General, USAF
Acting The Judge Advocate General
United States Air Force