UNITED STATES, Appellee,

v.

Private (E–2) David L. KENNEDY SSN 436–17–1291, United States Army, Appellant.

CM 437845.

U. S. Army Court of Military Review.

27 Sept. 1979.

Major Benjamin A. Sims, JAGC, Captain William B. Ramsey, JAGC, and Captain Terrence L. Lewis, JAGC, were on the pleadings for the appellant.

Colonel Thomas H. Davis, JAGC, Major Douglas P. Franklin, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for the appellee.

Before CARNE, O'DONNELL and DRIBBEN, Appellate Military Judges.

## OPINION OF THE COURT AND ACTION ON PETITION FOR NEW TRIAL

O'DONNELL, Judge:

The appellant, contrary to his pleas, was found guilty of kidnapping, wrongful communication of a threat, sodomy and two specifications of rape in violation of Articles 134, 125 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 925 and 920. The court-martial sentenced him to be reduced to the grade of Private (E–1), to forfeit "two thirds . . . pay per month," to be confined at hard labor for ten years and to be dishonorably discharged from the service. The convening authority modified the sentence to forfeitures by providing for forfeiture of $279.00 pay per month for ten

years and otherwise approved the sentence as adjudged.[1]

The appellant petitions for a new trial, asserting fraud upon the trial court in the form of perjured testimony from a co-accused, Private First Class Donald R. Edwards. He also asserts that the convening authority and the staff judge advocate were disqualified from reviewing and acting on the record.

At the appellant's trial, Edwards testified that on the date in question he, the appellant, and Specialist Four Welton L. Haynes abducted a German female, raped her, sodomized her and threatened to kill her if she reported the incident to the police. His testimony was consistent with that of the victim. Edwards testified pursuant to a pretrial agreement whereby he agreed to plead guilty at his trial and to testify truthfully in the trials of the appellant and Specialist Haynes in return for a limitation on his punishment by the convening authority. Subsequently, while incarcerated at the United States Disciplinary Barracks at Fort Leavenworth, Edwards submitted an affidavit which is the basis for the appellant's claim of fraud on the trial court. In his affidavit, Edwards alleges that the trial counsel and his defense counsel pressured him into believing that he would be convicted and that he could best protect himself by testifying as a Government witness against the appellant and Haynes to gain a limitation on his punishment. He states now that he and his two companions engaged in the sexual acts with the consent of the young lady and denies threatening her. The trial counsel, in an affidavit submitted by the Government, contradicts the appellant's allegations of coercion and pressure.

■ A new trial may be granted on the basis of fraud on the trial court. Article 73, Uniform Code of Military Justice, 10 U.S.C. § 873. A petitioner for a new trial must establish that an "injustice has resulted from the findings or the sentence and that

a new trial would probably produce a substantially more favorable result for the accused." Paragraph 109d, Manual for Courts-Martial, United States, 1969 (Revised edition). To determine if there was a fraud on the court in this case, we have considered the appellant's record of trial; his petition for a new trial, together with Edwards' affidavit; and portions of Edwards' record of trial, to include the providency hearing, the pretrial agreement, the post-trial review and the promulgating order.

■ Private Edwards' affidavit, asserting as it does consent on the part of the victim, is inconsistent not only with the testimony of the victim but also with his sworn testimony at the appellant's trial and with statements made by him at his own trial. Moreover, photographic evidence of the victim's injuries introduced at the appellant's trial is incompatible with consensual intercourse. We find that Edwards' affidavit is lacking credibility and fails to establish that a fraud has been perpetrated on the court. Accordingly, the petition for a new trial is denied.

The appellant contends that the staff judge advocate and the convening authority were disqualified from reviewing the record of trial and in taking action on the case because of the pretrial agreement in the *Edwards* case.

■ A convening authority may not grant clemency or immunity to a witness in return for his testimony and thereafter act on the case. *United States v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *United States v. White*, 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958). The underlying rationale for the convening authority's disqualification is that as he has by his actions become associated with the prosecution and prejudged the credibility of the witness, he cannot impartially determine the weight and credibility of testimony adduced at the trial. *United States v. White, supra.*

---

1. The appellant contends and the Government concedes that the convening authority increased the punishment by modifying the sentence to forfeitures. The legal effect of the announced sentence was forfeiture of two-thirds pay per month for one month. *See United States v. Roman*, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972).

Using the same rationale, the Court of Military Appeals has held the staff judge advocate to be disqualified to review the record when his activities have allied him with the prosecution.[2] The Court of Military Appeals, however, has never held directly that the mere act of recommending that the convening authority grant clemency or immunity for testimony would disqualify the staff judge advocate from reviewing the case.[3] In such a case, the staff judge advocate is not directly associated with the prosecution. Notwithstanding, by recommending that the convening authority grant clemency in return for testimony, he has placed his imprimatur on the credibility of the witness and therefore is in no position to impartially render an opinion on the weight and credibility of the witness's testimony.[4]

Accordingly, we hold that a staff judge advocate who recommends that the convening authority grant clemency to a witness in return for his testimony is thereafter disqualified to review a conviction brought about through the testimony of the witness.[5]

Turning now to the facts of the instant case, we note that Lieutenant General David E. Ott, Commander, VII Corps, referred Edwards' case to trial, entered into the agreement with him, and took the post-trial action as convening authority. He also referred the appellant's case to trial. Lieutenant General Ott was thereafter disqualified to take the convening authority's action in this case. *See United States v. Donati, supra.* However, the action was taken by Lieutenant General Julius W. Becton, Jr., a successor in command. This combination of events did not bar him from acting as the disqualification attaches to the person, not the office. *United States v. Gilliland,* 10 U.S.C.M.A. 343, 27 C.M.R. 417 (1959).

The role of the staff judge advocate thus becomes crucial. The Government accepts the principle that a staff judge advocate may not recommend clemency for testimony and thereafter review the conviction, but contends that it has no application in the instant case because there is no evidence that either the trial counsel or the staff judge advocate negotiated the pretrial agreement or recommended that it be accepted by the convening authority.[6]

There is less to this argument than meets the eye. It is common knowledge that as a matter of course convening authorities obtain the recommendation of

---

**2.** *See, e. g., United States v. Albright,* 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958) (staff judge advocate personally negotiated agreement with witness); *United States v. Cash,* 12 U.S.C.M.A. 708, 31 C.M.R. 294 (1962) (deputy staff judge advocate negotiated grant of immunity and later wrote review); *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974) (trial counsel's act in negotiating agreement with witness imputed to staff judge advocate on unitary concept of the legal office).

**3.** *But see United States v. Diaz,* 22 U.S.C.M.A. 52, 57, 46 C.M.R. 52, 57 (1972), in which the Court stated by way of dictum:

In *United States v. Albright* . . ., this Court has taken the position that a staff judge advocate who recommends clemency to a convening authority in return for an accomplice's testimony is thereby debarred from reviewing the case.

In *Albright,* however, the staff judge advocate had himself negotiated the agreement with the witness. The Court of Military Appeals has also implied that a staff judge advocate who approves an agreement entered into by his prosecutor is thereafter disqualified. *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 65, 48 C.M.R. 534, 536 (1974). *See also United States v. McMath,* 46 C.M.R. 1247 (A.C.M.R. 1973).

**4.** In the post-trial review the staff judge advocate must analyze the "adequacy and weight of the evidence." Paragraph 85b, Manual for Courts-Martial, United States, 1969 (Revised edition).

**5.** *See United States v. James,* 1 M.J. 487 (A.F. C.M.R.1975), *affirmed* 23 U.S.C.M.A. 714, 50 C.M.R. 920 (1975), where the Air Force Court held *inter alia* that a deputy staff judge advocate who recommended that the convening authority grant clemency to a witness who assisted the Government in obtaining evidence against the accused was precluded from reviewing the case.

**·6.** The pretrial agreement contained the signatures of only the appellant, the defense counsel, and the convening authority.

their legal advisers before executing pretrial agreements with the accused.

In light of this prevailing practice, it is eminently reasonable to conclude, in the absence of evidence to the contrary, that the staff judge advocate in the instant case participated in the negotiations at least to the extent of recommending approval to the convening authority. We so conclude and hold that the staff judge advocate was disqualified from reviewing the record of trial.[7] A new review and action are required.[8]

The action of the convening authority dated 26 January 1979 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

Senior Judge CARNE and Judge DRIBBEN concur.

---

7.  As the trial counsel and the staff judge advocate, unlike the convening authority and the accused, are not parties to the agreement, the inclusion of their recommendations on the contractual document is not essential to its validity. The absence of such recommendations, therefore, is essentially a neutral factor and is not evidence of noninvolvement on the part of the prosecutor and the staff judge advocate.

8.  We note with interest that under similar circumstances in the companion case of *United States v. Haynes*, Lieutenant General Becton withdrew his action and referred the case to the Commander, V Corps for a new review and action, after initial review by The Judge Advocate General in accordance with Article 69 of the Code, 10 U.S.C. § 869.