UNITED STATES

v.

**Sergeant John J. ZAJAC, Jr., FR 188–52–6882 United States Air Force.**

**ACM 23730.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 3 Sept. 1982.

Decided 18 March 1983.

Order April 6, 1983.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

the *objects and circumstances* which warrant charges involving drug abuse paraphernalia.

## DECISION

PER CURIAM:

In a general court-martial with members, the accused was charged, in a single specification, with wrongfully and unlawfully uttering, with intent to defraud, worthless checks, totalling $1,750.00 and multiple allegations of forgery, in violation of Articles 123a and 123, U.C.M.J., 10 U.S.C. §§ 923a and 923. Contrary to his pleas, he was found guilty, and sentenced to a bad conduct discharge, confinement at hard labor for one year, and reduction to airman basic.

After the accused stipulated he wrote the worthless checks to the base exchange for cash, the only issue left for the court to decide as to this allegation was the requisite intent to defraud. To negate this element of the offense, counsel offered psychiatric testimony that the accused was a compulsive gambler who had an overwhelming impulse to gamble even when it becomes self-destructive. Doctor Walters, a board certified psychiatrist, stated that compulsive gamblers always intend to recoup their losses, and the accused, following this pattern, also expected to redeem his worthless checks with anticipated winnings. He opined that compulsive gamblers naively assume that their next bet will bring the "jackpot." Doctor Walters conceded that pathological gamblers could form the intent to defraud, and that the accused knew if his checks were good and if he had money in the bank.

At trial and on appeal the accused contends that this testimony raised an issue of partial mental responsibility as to his ability to form the specific intent needed to commit the offense charged, i.e., uttering worthless checks under Article 123a. Accordingly, the military judge erred when he refused to instruct on this issue.

We disagree. The sum total of Doctor Walters' testimony is that the accused has an impulse disorder that allows him to hope that eventually he will win a large sum of money. That he intended to repay the money someday is not a defense to uttering a worthless check with intent to defraud. The intent to defraud is present and complete once an accused *even temporarily* obtains, through misrepresentation, something of value. *United States v. Jarrett*, 34 C.M.R. 652 (A.B.R.1964). Further, there is no evidence that the accused suffers from any psychosis or other serious mental impairment.* *United States v. Hardy*, 28 C.M.R. 554 (A.B.R.1959); *rev'd on other grnds*, 11 U.S.C.M.A. 521, 29 C.M.R. 337 (1960); *see generally, United States v. Sudler*, 2 M.J. 558 (A.C.M.R.1976). The trial judge correctly denied the request for an instruction on partial mental responsibility.

We have considered the remaining assigned error and have resolved it adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

## ORDER

Appellate defense counsel has, on motion requested reconsideration of our decision of 18 March 1983 affirming the findings of guilty and the sentence in this case.

Counsel takes issue with our factual conclusions and offers a different interpretation of the testimony in question. We have carefully considered the Motion for Reconsideration, and the Government's reply thereto.

Accordingly, it is, by the Court, ORDERED that the defense MOTION FOR RECONSIDERATION be, and the same is hereby

DENIED.

---

* On 19 July 1982, the accused was diagnosed as suffering from Impulse Disorder (Pathological Gambling) and Situational Depression. However, his mental health was such that he had the capacity to conform his conduct to the requirements of law, and to appreciate the criminality of his conduct. He was able to distinguish right from wrong and adhere to the right. He had no psychiatric condition that warranted his separation from active duty. This report was not given to the members, but Doctor Walters testified essentially as to its contents.