UNITED STATES, Appellant,

v.

Russell A. DECKER, Specialist Four,
U.S. Army, Appellee.

No. 42099.
CM 15935.

U. S. Court of Military Appeals.

June 20, 1983.

For Appellant: *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Captain Kenneth H. Clevenger, Captain James C. Underhill, Jr.* (on brief); *Major Joseph A. Rehyansky.*

For Appellee: *Major Raymond D. Ruppert, Major Joyce E. Plaut, Captain James A. McAtamney* (on brief).

*Opinion of the Court*

PER CURIAM:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of willfully disobeying the order of his superior non-commissioned officer, and despite his pleas, of larceny and unlawful entry, in violation of Articles 91, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 921, and 934, respectively. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement at hard labor for 2 months, forfeiture of $330.00 pay per month for 6 months, and reduction to Private E–1.

Before the Army Court of Military Review the accused contended that he was prejudiced by having his record of trial reviewed by the staff judge advocate who earlier had recommended to the convening authority that clemency be granted to a co-accused in exchange for his testimony against the accused. The Court of Military Review agreed and returned the case for a new review and action by a different convening authority.

The Judge Advocate General of the Army requests our action on the following issue:

WHETHER THE ARMY COURT OF MILITARY REVIEW WAS CORRECT IN APPLYING THE RULE OF *UNIT-*

*ED STATES v. SIERRA–ALBINO,* 23 USCMA 63, 48 CMR 534 (1974), AS INTERPRETED IN *UNITED STATES v. KENNEDY,* 8 M.J. 577 (ACMR 1979), *pet. denied,* 9 M.J. 6 (CMA 1980), SO THAT A STAFF JUDGE ADVOCATE IS DISQUALIFIED FROM WRITING THE POST–TRIAL REVIEW IN A CASE WHERE A GOVERNMENT WITNESS TESTIFIED FOLLOWING A RECOMMENDATION FOR CLEMENCY BY THAT STAFF JUDGE ADVOCATE FOR SUCH WITNESS; AND, IF THE STAFF JUDGE ADVOCATE IS DISQUALIFIED, WAS THE ARMY COURT OF MILITARY REVIEW CORRECT IN DETERMINING THAT SUCH DISQUALIFICATION COULD NOT BE WAIVED.

We resolve the first part of the issue in favor of the Government, and hence, need not answer the second part.

We have recently had occasion to review our earlier holdings on the subject of disqualification of the convening authority following grants of immunity to witnesses. In *United States v. Turcsik,* 13 M.J. 442 (C.M.A.1982), we held that a convening authority was not disqualified to review the record of trial at which a witness testified under immunity in the absence of "some direct unattenuated causal relationship between the grant of clemency or immunity and the subsequent action by the convening authority." *Id.* at 445. Then, in *United States v. Newman,* 14 M.J. 474 (C.M.A.1983), we held "that a grant of testimonial immunity—whether to a government or defense witness—does not affect the impartiality of a convening authority or his right to review the record of trial." *Id.* at 482. Instead, we decided that in such a situation

the key inquiry is whether his actions before or during the trial create, or appear to create, a risk that he will be unable to evaluate objectively and impartially all the evidence in the record of trial—including the testimony of any witness who has been immunized, granted a sentence reduction, or given other concession.

*Id.* at 482 (footnote omitted.) Finally, in *United States v. Andreas,* 14 M.J. 483, 486 (C.M.A.1983), we held that the "assurance of immunity" to a witness from a representative of the staff judge advocate to the convening authority did not disqualify the convening authority from taking action on the case. With these decisions in mind, we turn to the facts of this case.

One of three other participants in the larceny, Private Larimore, testified for the Government at the accused's trial pursuant to a pretrial agreement. Larimore believed "[t]hat if I testify at the trial I would get three months knocked off my sentence if I was found guilty, sir."[1] Apparently Larimore assigned a different meaning to the agreement, since it merely states in pertinent part: "As part of this agreement, I agree to testify truthfully at any trials involving the co-accused soldiers." In return, the then convening authority, Major General Meloy, "agree[d] not to approve that portion of any sentence adjudged which is greater than reduction to E–1, confinement at hard labor for 90 days, forfeiture of $330.00 for 3 months, and a bad conduct discharge."[2]

The staff judge advocate, Lieutenant Colonel Bonfanti, recommended approval of the agreement.[3] He also recommended that the accused's case go to a special court-martial authorized to adjudge a bad-con-

---

1. Larimore also believed that if he did not testify against the accused he would "have two months ... knocked off" his sentence. No doubt his perception of the agreement has greater bearing on his credibility than the actual terms, but he was obviously in error in that perception. We are informed by the Appellate Government counsel that Larimore was tried on 13 and 23 January, 1981, which was one day after the accused.

2. We have been provided with a copy of the unpublished memorandum opinion in *United States v. Larimore,* SPCM 15960 (September 23, 1981). However, we are unable to determine whether Larimore's sentence was in compliance with the agreement or was less.

3. As noted above, Major General Meloy was the convening authority at the time of the agreement.

duct discharge,[4] and later authored the post-trial review of the staff judge advocate.[5] It is the participation of Lieutenant Colonel Bonfanti in these three matters that caused the Court of Military Review to find the convening authority disqualified.[6]

 While the Court of Military Review correctly applied the case law extant at the time, our recent decisions have charted a new course. Obviously, if the granting of immunity by the convening authority does not disqualify him personally, the recommendation of his staff judge advocate that he take such action does not disqualify either the convening authority or the said staff judge advocate in the absence of some clear indication that the taking of such action "create[s], or appear[s] to create, a risk that . . . [either person] will be unable to

evaluate objectively and impartially all the evidence in the record of trial." *United States v. Newman, supra* at 482. No such indication is alleged nor has our examination of the record disclosed any evidence leading to such a conclusion. Consequently, there was no disqualification of the staff judge advocate which would prevent him from writing the review to the convening authority here.

The certified question, as limited, is answered in the negative. The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army for submission to that court for further review under Article 66, UCMJ, 10 U.S.C. § 866.

---

4. At the time of referral, Brigadier General Klein was the convening authority.

5. At the time of the review, Major General Lindsay was the convening authority. By virtue of the several officers who served as convening authority during the processing of this case, there is serious question as to their disqualification even under our holding in *United States v. Turcsik*, 13 M.J. 442 (C.M.A.1982), which preceded *United States v. Newman*, 14

M.J. 474 (C.M.A.1983), and *United States v. Andreas*, 14 M.J. 483 (C.M.A.1983).

6. The staff judge advocate properly noted in the review that Larimore was "testifying because he will have three months taken off of his sentence if he cooperates and testifies. This is part of a pretrial agreement." *See United States v. Newman, supra* at 482 n. 7, citing *United States v. Turcsik, supra.*