**UNITED STATES, Appellee,**

v.

**Sergeant Larry J. DANIEL, SSN 252–15–9525, United States Army, Appellant.**

**SPCM 19774.**

U.S. Army Court of Military Review.

31 July 1984.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, Captain Barbara M. Lederer, JAGC, and Captain David L. Carrier, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

OPINION OF THE COURT

WOLD, Senior Judge:

Contrary to his pleas, appellant was convicted by a special court-martial with members of assault with intent to commit robbery and conspiracy to commit robbery. His conviction was based largely on the testimony of two accomplices who had previously been tried and convicted. Both of these witnesses pled guilty at their trials pursuant to pretrial agreements which required them to plead guilty and testify truthfully at appellant's trial in exchange for a sentence limitation. The same convening authority accepted the witnesses' pretrial agreements and approved the sentence in appellant's case. Appellant contends that the convening authority was disqualified from taking initial post-trial action in his case.

We are persuaded that appellant's contention is without merit: first, because we construe *United States v. Decker,* 15 M.J. 416 (CMA 1983) to hold as much; and, second, because appellant waived the issue during the initial review process.

An early line of cases held that recommending or granting immunity or clemency disqualified a staff judge advocate or convening authority from participating in the post-trial review and action on a case.[1] In *United States v. Turcsik*, 13 M.J. 442 (CMA 1982); *United States v. Newman*, 14 M.J. 474 (CMA 1983); *United States v. Andreas*, 14 M.J. 483 (CMA 1983); and *United States v. Decker, supra*, the United States Court of Military Appeals "charted a new course." *United States v. Decker*, 15 M.J. at 418.

In *Turcsik*, the Court held that disqualification was appropriate only where there is a "direct unattenuated causal relationship between the grant of clemency or immunity and the subsequent action of the convening authority" and that the absence of a *quid pro quo* given by the convening authority for the testimony in question establishes the absence of such a relationship. *United States v. Turcsik*, 13 M.J. at 445. In *Newman*, the Court held that the critical question was whether the circumstances "create, or appear to create, a risk that [the convening authority] will be unable to evaluate objectively and impartially" the testimony affected by a grant of immunity or clemency. *United States v. Newman*, 14 M.J. at 482. In *Decker*, the Court held that disqualification requires a "clear indication" that a grant of immunity "create[s] or appear[s] to create, a risk that ... [either the convening authority or the staff judge advocate] will be unable to evaluate objectively and impartially all the evidence in the record of trial." The Court then found that there was "no such indication" which would disqualify the staff judge advocate where the record reflected that the staff judge advocate had recommended approval of a pretrial agreement which provided for clemency in exchange for a plea of guilty and an agreement to testify. *United States v. Decker*, 15 M.J. at 418. The case at bar is precisely analogous.

With respect to waiver, we note that the post-trial review identified the issue of disqualification, discussed the relevant facts and law, and stated the staff judge advocate's opinion that the convening authority was not disqualified. In addition, the convening authority was advised not to take action, "[i]f you for any reason have a preconceived personal opinion concerning the credibility of [the witness in question] because of the circumstances, or if you believe that you cannot act impartially in the accused's case." Counsel for appellant did not raise the issue of disqualification before action was taken by the convening authority, either in response to the post-trial review or through any other means. The United States Court of Military Appeals has suggested that *United States v. Goode*, 1 M.J. 3 (CMA 1975), mandates waiver of this issue when the matter has been brought to counsel's attention without response. *United States v. Turcsik*, 13 M.J. at 443 n. 1. As we find no manifest miscarriage of justice, no denial of a fundamental right, and no threat to the reputation and integrity of the courts, we hold that the issue was waived in the case at bar.

The findings of guilty and the sentence are affirmed.

Judge FELDER and Judge NAUGHTON concur.

---

1. *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. White*, · 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958).