**UNITED STATES, Appellee,**

v.

**Donald R. SORRELL, Airman First
Class, U.S. Air Force,
Appellant.**

No. 96–1381.
Crim.App. No. 31701.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 6, 1997.

Decided Feb. 18, 1998.

Sullivan, J., filed opinion concurring in
part and in the result and dissenting in part.

For Appellant: *Captain Tishlyn Taylor*
(argued); *Captain Marge A. Overly* and
*Lieutenant Colonel Kim L. Sheffield* (on
brief); *Colonel Douglas H. Kohrt* and *Colonel David W. Madsen.*

For Appellee: *Major Eric D. Placke,*
USAFR (argued); *Lieutenant Colonel Michael J. Breslin* and *Major Allen G. Erickson* (on brief); *Colonel Brenda J. Hollis.*

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted by a panel of officer and enlisted members of wrongful distribution of LSD. Pursuant to his pleas, he was found guilty of wrongful use of LSD, wrongful manufacture, distribution, and use of psilocybin, and wrongful introduction of psilocybin onto a military installation, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. Appellant was sentenced to a bad-conduct discharge, 4 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 3 years and 6 months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT MAJOR GARRARD WAS NOT DISQUALIFIED FROM WRITING THE SJAR [STAFF JUDGE ADVOCATE RECOMMENDATION] AND TWO ADDENDA.

We hold that, if it was error for Major (Maj) Garrard to draft the SJAR, such error was harmless.

## FACTS

Maj Garrard, the Chief of Military Justice for 15th Air Force, prepared the SJAR, which the Acting SJA signed. The SJAR did not include a recommendation for clemency. The defense, in response to the SJAR, argued that, after trial, Maj Garrard and Captain (Capt) Garringer, the Chief of Military Justice for the Base Legal Office, had agreed to recommend clemency if appellant cooperated by testifying in other cases.

On June 13, 1995, Maj Garrard wrote an addendum to the SJAR, which the SJA signed. The addendum denied that Maj Garrard or Capt Garringer had promised clemency in return for appellant's cooperation. However, the addendum did contain a recommendation that the convening authority reduce appellant's confinement by 6 months. The convening authority approved this recommendation.

The Court of Criminal Appeals held that, even if Maj Garrard had made a promise of clemency, he would not have been disqualified from making a post-trial recommendation. Unpub. op. at 5 (citing *United States v. Decker*, 15 MJ 416, 418 (CMA 1983) (SJA not disqualified from writing post-trial review in accused's case where SJA recommended clemency for co-accused who testified against accused)). The court stated, "[T]his was not a material factual dispute and there was no disqualification." The court also concluded that, "[I]t appears that there was a recommendation for clemency based on his [appellant's] cooperation and that appellant received a benefit for his cooperation." Unpub. op. at 5.

Before this Court, the defense contends that Maj Garrard was disqualified because he was a member of the prosecution team and cites us to *United States v. Mallicote*, 13 USCMA 374, 32 CMR 374 (1962), and *United States v. Gordon*, 1 USCMA 255, 2 CMR 161 (1952). The defense distinguishes *Decker* from appellant's case by noting that there was a grant of immunity to a witness in *Decker* in exchange for the witness' testimony. In appellant's case, there was an alleged offer of clemency by the author of the post-trial review via a *sub rosa* agreement. Additionally, the defense argues that when there is a legitimate factual controversy between the SJA and defense counsel, the SJA is disqualified.

## DISCUSSION

 Both Article 6(c), UCMJ, 10 USC § 806(c), and RCM 1106(b), Manual for Courts–Martial, United States (1995 ed.), provide that an SJA is disqualified from the post-trial review process if the SJA acted as a member, military judge, prosecutor, defense counsel, or investigating officer. The Discussion to RCM 1106(b) provides that the SJA is also disqualified if he or she has "other than an official interest" in the case. This language, "other than an official interest," means a personal interest or feeling in the outcome of a particular case. *See United States v. Rice*, 33 MJ 451, 453 (CMA 1991)(legal officer who testified for Government during sentencing and "had strong personal feelings or biases about appellant" disqualified from writing post-trial recommendation); *United States v. Conn*, 6 MJ 351 (CMA 1979)(convening authority had "official" not "personal" interest in case where he directed others to apprehend accused); *cf. United States v. Hamilton*, 47 MJ 32 (1997)(declining to decide whether Maj C was disqualified from writing SJAR where her husband was originally the chief prosecutor in the case).

This Court has stated previously that, for a convening authority or an SJA to be disqualified, "there must be some direct unattenuated causal relationship between the *grant of clemency* or immunity and the subsequent action by the convening authority." *United*

*States v. Turcsik,* 13 MJ 442, 445 (CMA 1982)(emphasis added). We have also held that, when there is a dispute, such as when the SJA's testimony is contested regarding a material fact, the SJA is disqualified. *See, e.g., United States v. Choice,* 23 USCMA 329, 49 CMR 663 (1975).

We need not answer the defense's contention. We hold that any error is harmless under the specific circumstances of this case: Appellant's own version of the dispute does not contain an assertion that he was promised any particular form of clemency, only that there would be a clemency recommendation. In that context, the clemency he received was sufficiently significant to render the error harmless, since it fulfilled the bargain under appellant's view of the factual dispute.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring in part and in the result and dissenting in part):

The lower court stated that the assistant staff judge advocate, Major Garrard, was not disqualified from preparing the post-trial recommendation in this case. I disagree. Clearly, there was a material factual dispute in this case between Major Garrard and appellant as to the existence of a post-trial agreement to secure clemency. Under the decisions of this Court in *United States v. Lynch,* 39 MJ 223, 228 (1994), and *United States v. Decker,* 15 MJ 416, 418 (1983), it was error for such an officer to prepare or assist in preparation of the post-trial recommendation.

In the case at bar, the officer who wrote the SJAR and the addendum was a major party in a factual dispute involving the clemency process. Once a dispute like this arose, isn't it far better for another attorney (not involved in the dispute) to prepare the recommendations for clemency? Our clemency process is too important a step in our military justice system to have even the hint of anything irregular as part of the process.* The Government works best if the public interest is the sole motivator of a prosecutor. The objectivity of a prosecutor (or anyone in the cycle of judicial process) must never be subject to a question of self-interest.

The prejudice from this situation is a closer question. Six months' clemency was recommended by the staff judge advocate in the addendum, and the convening authority reduced appellant's 4-year sentence accordingly. In my view, the convening authority was apprised of the dispute in this case and acted to correct prejudicial error. Accordingly, I join the majority in affirming this case.

* "The public interest may be presumed to be what men would choose if they saw clearly, thought rationally, acted disinterestedly and benevolently." W. Lippmann, *The Public Philosophy,* Ch. 4 (1955).